Home Owners' Loan Corporation, Appellant, *v.*
Murdock et al.

Argued March 4, 1942.

ander Murdock et al. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*John Ryan,* with him *Samuel A. Armstrong* and *Patrick J. O'Connor,* for appellant.

*Maurice S. Cantor,* with him *Andrew Hourigan, Jr.,* for appellee.

OPINION BY STADTFELD, J., September 30, 1942:

Bill in Equity was filed by Home Owners' Loan Corporation against Alexander Murdock and Clair C. Murdock; First National Bank of Wyoming; John B. Wallis, Jr., Treasurer of Luzerne County, and John A. MacGuffie, Robert Lloyd and Stanley Janoski, Commissioners of Luzerne County. An answer raising preliminary objections to the bill was filed by First National Bank of Wyoming, one of the defendants.

The Home Owners' Loan Corporation in 1934 granted a loan to Alexander Murdock and Clair C. Murdock, two of the defendants, secured by their bond and mortgage on a tract of about 2.5 acres. The premises so

mortgaged constituted a portion of a larger tract of approximately 5.2 acres on which First National Bank of Wyoming held a mortgage, which was partially paid from the proceeds of the Murdock mortgage to plaintiff. The bank satisfied its mortgage on the whole tract of 5.2 acres, and in consideration thereof received in addition to plaintiff's bonds, a judgment note from the Murdocks. Judgment was entered on the note in 1934 and became a first lien on the portion of the tract not included in the mortgage to plaintiff, and a second lien on the portion covered by plaintiff's mortgage.

The Murdocks defaulted in the provisions of their mortgage to plaintiff and it foreclosed thereon. At the sheriff's sale held December 11, 1936, plaintiff purchased the property covered by its mortgage at a bid of $1,735.73 representing the amount of costs and all taxes certified to the sheriff. The taxes so certified included taxes for the years 1934, 1935, and 1936 in the sum of $1,594.92.

In March 1938 the bank issued execution against the Murdocks on the tract of 2.7 acres on which its judgment was a first lien, and purchased the same clear of all taxes. The bank retained title to said land at the time the instant bill was filed.

The taxes paid by plaintiff at its foreclosure as a matter of fact included taxes which had been assessed against the land covered by plaintiff's mortgage as well as the land on which the bank held its first lien, the entire tract having been assessed as a single unit. The plaintiff did not learn of this, however, until a year later.

The bill in equity in substance averred the foregoing facts and claiming that the bank had been unjustly enriched by the payments made by plaintiff under mistake, prayed for subrogation against it for $1,052.87, which amount plaintiff averred was the amount of taxes properly assessable against that portion of the 5.2 acres owned by the Murdocks and not included in the

plaintiff's mortgage. The bill in equity did not set forth any allegation that at the time of the bank's execution the bank had any notice of plaintiff's claim for subrogation nor did it allege that any claim for subrogation had been asserted by plaintiff prior to such execution.

The answer raising preliminary objections was filed by First National Bank of Wyoming praying that the bill be dismissed, inter alia, because complainant upon the face of its bill disclosed no cause of action as against First National Bank of Wyoming, and for the reason the bank had a complete defense which did not require the production of evidence to sustain it.

Argument on the preliminary objections was heard before Judge VALENTINE, who on May 1, 1941, entered a decree sustaining the preliminary objections and dismissing the bill. Exceptions were filed and the matter was heard by the court in banc as on reargument. On October 13, 1941, an order was entered approving the decree of May 1, 1941 and dismissing the bill. The present appeal, was thereupon taken by plaintiff on December 7, 1941, and defendant moved to quash the appeal.

In view of the disposition of this appeal on its merits, there is no necessity of considering the motion to quash. The question of substance here involved is whether the bill sets forth any averments to support appellant's claim for equitable relief.

The principal relief sought by appellant is based upon its request for subrogation to the tax liens of Luzerne County on land purchased by appellee, First National Bank of Wyoming, at sheriff's sale held on its own execution as judgment creditor. From the averments of the bill it appears that following the payment of the taxes by appellant in December, 1936, the tax liens which had been entered of record against the entire tract of 5.2 acres, more or less, had been satisfied of record. When the appellee bank purchased the

2.7 acre tract at the execution sale in March, 1938, the lien of taxes, at least prior to 1937, had thus been satisfied. There is nothing in appellant's bill averring that appellee bank had any notice of appellant's claim for subrogation prior to the execution sale. As a bonafide purchaser for value without notice of an outstanding equitable right of subrogation, appellee bank bought in the property at execution sale free and clear of whatever equitable lien, if any, appellant might have been entitled to.

In *Dewaters v. Kuhnle,* 199 Pa. 439, it was held that where a judgment creditor issued execution and became a purchaser at the sheriff's sale without notice of a secret trust, he took the land free of the trust. The same principle applies where the property was held subject to an equitable lien or other equitable interest. See, Restatement of the Law, Restitution, §173, Comment (1) k, and Comment e to §172 which states the general principle as follows: "(1) Where a person acquires title to property under such circumstances that otherwise he would hold it upon a constructive trust or subject to an equitable lien, he does not so hold it if he gives value for the property without notice of such circumstances."

In *Snyder v. Crawford et al.,* 98 Pa. 414, an owner of a tract of land obtained a release of a judgment lien from a creditor upon the condition that purchase money from the sale of the land clear of the judgment should be applied to the payment of the said judgment, according to its priority of lien. The land was sold for a sum insufficient to pay any part of the judgment. On a scire facias to revive the judgment the Supreme Court held the vendee was a bonafide purchaser for value and took title discharged from the lien of the judgment.

Not only was the land purchased by appellee bank acquired free and clear of tax liens, but the appellee bank is itself under no obligation to appellant. While

the principle is established that a person who has been unjustly enriched at the expense of another is required to make restitution to the other, he is liable to pay therefor only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it. As a judgment creditor of the Murdocks, the appellee bank was under no legal obligation to pay the taxes, and the payment made by appellant, even if by mistake, did not relieve the bank of any legal obligation of its own. Although the payment of the taxes by appellant may in fact have conferred a benefit upon the appellee bank as a judgment lien creditor, and thereby have entitled appellant to be subrogated to the position of the taxing authority with priority over appellee bank (Restatement, Restitution, §162, Comment f), nevertheless the mere fact that appellant did benefit appellee bank is not of itself sufficient to require the latter to make restitution therefor (§1, Comment c). It was the legal duty of the record owners, the Murdocks, not of the appellee bank, to pay the taxes. It was not unjust for the appellee bank to retain the benefit of having the prior tax lien satisfied by appellant's mistaken payment of the owners' tax obligation.

It is our opinion that complainant's bill fails to set forth such averments as would entitle it to equitable relief against the First National Bank of Wyoming. With respect to whatever claim the complainant may have against the other defendants, the remedy at law would be adequate in accordance with the principles governing quasi-contractual recovery. See, Restatement, Restitution, §§14 (1); 43 (1), (2); 54 (1), (2). The court below properly dismissed the bill.

Decree affirmed at costs of appellant.