Marshalek *v.* Marshalek, Appellant.

Argued October 9, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Ella Graubart,* with her *Patterson, Crawford, Arensberg & Dunn,* for appellant.

*David R. Levin,* for appellee.

OPINION BY MR. JUSTICE JONES, November 10, 1964:

This is an appeal from the dismissal of exceptions to a modified decree of the Court of Common Pleas of Allegheny County restraining and enjoining Bernard J. Marshalek (Marshalek) from: (1) filing an action in divorce in any jurisdiction other than the County of Allegheny or an adjoining county, and (2) leaving the Commonwealth of Pennsylvania for any purpose until a bond in the amount of $3,000 with surety was posted, conditioned upon his satisfactory performance of the terms of a support order entered in the County Court of Allegheny County.

Marshalek and Elizabeth Marshalek (Mrs. Marshalek), his wife, the parents of three minor children, have been separated since November 1962. Believing that her husband was about to leave the Commonwealth

to obtain a divorce,[1] Mrs. Marshalek filed this action on August 13, 1963. The parties subsequently entered into a support agreement in the County Court of Allegheny County requiring payments of $270 monthly.[2] Testimony was taken and a decree entered on August 21, 1963. On November 19, 1963, Marshalek filed a petition to dissolve the injunction. Following a hearing a modified decree nisi was entered on January 22, 1964, exceptions to it dismissed and this appeal taken.

The thrust of Marshalek's argument is that the court of common pleas did not have equitable jurisdiction in this case and that, even if it did, the decree exceeded the demand of the equities of the situation. The court below based its jurisdiction on (1) the Act of May 23, 1907, P. L. 227, as amended, 48 P.S. §131, and (2) the claim that there was no adequate remedy at law.

The Act of 1907, supra, provides, inter alia: "If any man shall separate himself from his wife or children without reasonable cause, *and,* being of sufficient ability, shall neglect or refuse to provide suitable maintenance for his said wife or children, action may be brought, at law or in equity, against such husband for maintenance of said wife or children, in the court of common pleas of the county . . . where the wife and children are domiciled, and the said court shall have power to entertain a bill in equity in such action, and shall make and enforce such orders and decrees as the equities of the case demand." (Emphasis supplied). The clear language of this statute requires both separation and the neglect or refusal to provide suitable maintenance. There is no allegation in the complaint or proof

---

[1] Marshalek admitted that he knew of no legal grounds available under the law of Pennsylvania.

[2] Marshalek is a graduate pharmacist whose present net earnings are $520 monthly. The agreement was made on August 20, 1963.

introduced that Marshalek at any time failed to provide support for his wife and children. One of the statutory requirements being absent, the court had no jurisdiction to entertain this action under the Act of 1907, supra.

The court of common pleas not having equity jurisdiction conferred on it by statute under these facts, we must ascertain whether or not there was an adequate remedy at law, as equity will not entertain jurisdiction where such remedy is present: *Knup v. Philadelphia*, 386 Pa. 350, 126 A. 2d 399. Taking cognizance of the fact that this action was begun two days prior to the effective date of Marshalek's resignation of his employment and alleged departure from the Commonwealth, an adequate legal remedy existed under the Pennsylvania Civil Procedural Support Law: Act of July 13, 1953, P. L. 431, 62 P.S. §2043.31 et seq. Section 8(b) of this Act (62 P.S. §2043.38(b)) provides, inter alia: "At any stage of the proceedings under this act, upon affidavit that the defendant is about to leave the jurisdiction, an attachment may be issued, directed to the sheriff or other proper officer of the county, directing that the person named be brought before the court at such time as the court may direct, at which time the court may direct that the person named give security, by one or more sureties, to appear when directed by the court or to comply with any order of the court." By filing a complaint in the County Court and proceeding pursuant to the above-noted section, Mrs. Marshalek could have adequately protected her right to support from any alleged evasion by her husband. This course of action would not be inadequate or inconvenient in the case at bar.[3] There being an

---

[3] We note that nowhere is it alleged that Mrs. Marshalek did not learn of her husband's alleged plans prior to August 13, 1963. This is merely the date on which the suit was commenced.

586

adequate remedy at law available, the court below lacked equity jurisdiction.

It may not be amiss to observe that there are situations in which a spouse may be enjoined from commencing or prosecuting a suit for divorce in a foreign jurisdiction, i.e., where the spouse has not established a bona fide domicil in the state in which the decree is sought: *Smith v. Smith,* 364 Pa. 1, 70 A. 2d 630. However, the instant factual situation does not warrant relief of such nature. Moreover, even if it did, the decree of the court below was much too restrictive in that it precluded action in too vast an area, i.e., any county of the Commonwealth except Allegheny and adjoining counties.

In light of the lower court's lack of equity jurisdiction, the decree is vacated and the injunction dissolved.

Costs on appellant.