389 A.2d 1160

JOSTAN ALUMINUM PRODUCTS CO., INC. and
Alumo Products Co., Inc.

v.

MOUNT CARMEL DISTRICT INDUSTRIAL FUND, John F.
Miles Co., Celotex Corporation, and Travelers Indemnity
Company, Appellants.

Superior Court of Pennsylvania.

Argued Dec. 7, 1977.

Decided July 12, 1978.

354

David B. Disney, Harrisburg, for appellants.

A. Stephen Cohen, Sunbury, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from the order of the Court of Common Pleas of Northumberland County, sitting in equity, granting a mandatory preliminary injunction to the plaintiffs, Jostan Aluminum Products Co. ("Jostan") and Alumo Products Co. ("Alumo"), directing the several defendants, Mount Carmel District Industrial Fund ("Mount Carmel"), John F. Miles Co. ("Miles"), Celotex Corp. ("Celotex") and Travelers Indemnity Co. ("Travelers"), to construct and install a new roof upon an industrial building occupied by Alumo.

The factual and procedural events giving rise to this appeal are as follows. On February 25, 1977, plaintiffs filed a complaint in equity against Mount Carmel, Miles, and Celotex requesting the issuance of a preliminary mandatory injunction ordering defendants, among other things, to restore or replace a leaking roof on a plant leased by Mount Carmel to Jostan and subleased by the latter to Alumo. A hearing on the complaint was scheduled for March 7, 1977. At the appointed time, however, it was discovered that defendant Miles had not yet been served and only counsel for Mount Carmel was present for the hearing. Notwithstanding the absence of two of the defendants, the lower court, impressed with the need for prompt action and desirous of receiving a "capsulized" statement of facts, elected to take testimony from two of plaintiffs' witnesses. The court then heard testimony from Alumo's Vice-President and a union official employed at the plant. In essence, these

witnesses testified that the roof in question has leaked for approximately seventeen years; its condition has progressively deteriorated; the combination of machinery operated in the plant and the leaking roof has created dangerous working conditions; plant production has suffered and plaintiffs had incurred monetary damages as a result of the leaks.

Two days after the hearing, plaintiffs filed another complaint which was identical to the earlier one with the exception that Travelers was added as a defendant. Service of this complaint was eventually effected on all the defendants and a hearing was scheduled for March 31, 1977. On that date all parties were present with counsel. In the meantime, however, defendants had filed preliminary objections to the complaint. Apparently because of the preliminary objections the lower court decided to continue the hearing to a later date. However, without further hearing, pleading, or notice, the court on July 1, 1977, filed an order dated June 9, 1977, decreeing that a mandatory preliminary injunction be issued against the defendants. Although a hearing on the continuance of the injunction was scheduled five days later, no subsequent hearing was conducted and this appeal ensued.

■ It is firmly established that on an appeal from a decree either granting or denying a preliminary injunction the extent of appellate review is limited. *McMullan v. Wohlgemuth et al.,* 444 Pa. 563, 281 A.2d 836 (1971); *Board of Directors of the School District of the City of Scranton v. Roberts et al.,* 13 Cmwlth. 464, 320 A.2d 141 (1974). The lower court's decision will not be disturbed if there exists *any apparently reasonable grounds* to sustain its action. *McMullan v. Wohlgemuth et al.,* supra; *Albee Homes, Inc. v. Caddie Homes, Inc.,* 417 Pa. 177, 207 A.2d 768 (1965); *Fantastic Plastic, Inc. v. Flaherty,* 26 Cmwlth. 11, 361 A.2d 489 (1976). Notwithstanding this limited scope of review, examination of the instant record fails to reveal reasonable grounds for the granting of the injunction.

■ It is fundamental that a party seeking a preliminary injunction of any nature must establish a clear right to

the relief sought, and that immediate and irreparable injury will result if the injunction is not granted. *McMullan v. Wohlgemuth et al., supra; Bd. of Dir., S. Dist., Scranton v. Roberts et al., supra.* Moreover, mandatory * preliminary injunctions, as in the case at bar, "should be granted even more sparingly than those which are merely prohibitory." *McMullan,* supra, 444 Pa. at 573, 281 A.2d at 841. Mandatory preliminary injunctions should only issue in exceptional circumstances and where the rights of the parties are entirely clear. *McMullan,* supra; *Bd. of Dir., S. Dist., Scranton v. Roberts et al.,* supra. Instantly, even assuming arguendo that the order here reviewed can withstand a due process challenge, it is certain that plaintiffs' right to injunctive relief is far from entirely clear.

█ Initially, the evidence adduced at the March 7th hearing was insufficient to establish liability on the part of any of the defendants. In pertinent part, the lease agreement between defendant-lessor, Mount Carmel and plaintiff-lessee, Jostan, provides:

"Section 8. *REPAIRS*: Any and all repairs of whatever nature, structural or otherwise and whether or not the result of fire, tornado, wind storm or act of God shall be Tenant's obligation *provided, however, that Tenant shall not be obliged to make any repairs made necessary due to faulty or defective construction. Landlord agrees to make all repairs made necessary due to faulty or defective construction.*" (Emphasis added.)

Thus, under the terms of the parties' lease, defendants would not be obligated to make any repairs to the damaged roof unless the damage was attributable to faulty or defective construction. At the only hearing conducted below, however, plaintiffs failed to present any evidence establishing that the damage to the roof was a result of faulty or defective construction. Accordingly, there was no clear right to injunctive relief on plaintiffs' part because of the

---

* A mandatory injunction orders the defendant to perform some positive act, as opposed to a prohibitory injunction, which is designed to preserve the status quo. See *McMullan,* supra; and *Bd. of Dir., S. Dist., Scranton v. Roberts et al.,* supra.

lack of evidence on the basic question of liability on the part of defendants. In short, the rights of the parties are less than entirely clear and, therefore, a preliminary mandatory injunction will not lie. *McMullan*, supra; *Bd. of Dir., S. Dist., Scranton v. Roberts et al.*, supra.

 Although we have concluded that the instant order must be vacated due to a deficiency in plaintiffs' proof, it is also our opinion that even if plaintiffs had supplied the requisite evidence the facts would still not warrant equitable relief. For it is axiomatic that equity will entertain jurisdiction only in the absence of an adequate remedy of law. *Barco, Inc. v. Steel Crest Homes, Inc.*, 420 Pa. 553, 218 A.2d 221 (1966); *Harris-Walsh, Inc. v. Borough of Dickson City*, 420 Pa. 259, 216 A.2d 329 (1966); *Marshalek v. Marshalek*, 415 Pa. 582, 204 A.2d 277 (1964); *Pye v. Comm. et al.*, 29 Cmwlth. 545, 372 A.2d 33 (1977). Instantly, plaintiffs' complaint in equity seeks, in effect, restoration or replacement of a roof under the terms of a lease agreement. We perceive no reason why this claim cannot be pursued at law in an assumpsit action to recover damages. *Barco, Inc. v. Steel Crest Homes, Inc.*, supra. In other words, plaintiffs could simply sue under their lease. Despite averments of irreparable harm, we think it clear that plaintiffs can obviate any further injury by presently engaging a contractor to make the necessary repairs or replacement pending resolution of the liability issue in an assumpsit action. Plaintiffs contend, however, that an assumpsit action is not an adequate remedy because the pertinent statute of limitations has expired. We are unpersuaded.

 The Act of December 22, 1965, P.L. 1183; 12 P.S. § 65.1 (P.P. 1977–78), provides in relevant part:

"No action . . . to recover damages:

(1) For any deficiency in the design, planning, supervision or observation of construction or construction of an improvement to real property.

(2) For injury to property, real or personal, arising out of any such deficiency,

* * * * . * *

(4) . . . shall be brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of such improvement more than twelve years after completion of such an improvement."

In *Leach v. Phila. Sav. Fund et al.,* 234 Pa.Super. 486, 340 A.2d 491 (1975), we addressed the question of the scope or extent of the class of persons who may avail themselves of this statute's protection. We there held that the critical test "is whether the individual in fact lawfully furnished or performed any of the listed activities." *Leach,* supra, 234 Pa.Super. at 491, 340 A.2d at 493. In addition, we further noted "that under Section 4 of the Act [12 P.S. § 65.4] the owner of the improvement 'at the time any deficiency in such an improvement constitutes the proximate cause of the injury' cannot take advantage of the statute." *Leach,* supra, 234 Pa.Super. at 491, 340 A.2d at 493. Accordingly, while we obviously cannot here decide whether the instant defendants can take advantage of this statute, we deem this issue of sufficient merit to reject plaintiffs' bald assertion that the statute bars any action at law.

 Finally, even if we could now determine that plaintiffs are precluded from resorting to an assumpsit action by virtue of the statute of limitations, we are not disposed to rule that this entitles them to seek equitable relief. For, "[u]nder most authorities, the mere fact that the statute of limitations would bar a remedy at law is no ground in itself for applying to equity for relief unless plaintiff was prevented from suing by defendant's act." 30 C.J.S. Equity § 24d; See also 27 Am.Jur.2d Equity § 93; *Kane v. Morrison et al.,* 352 Pa. 611, 44 A.2d 53 (1945); *Home Owners' Loan Corp. v. Murdock,* 36 Luz.Leg.Reg. 270, affirmed 150 Pa.Super. 284, 28 A.2d 498 (1942); *Comm. ex rel. Reno v. Smith,* 48 Dauphin 217 (1940). In the case at hand, however, the record does not reveal the reasons why plaintiffs have refrained from instituting litigation until now when the roof has apparently been in a state of disrepair for seventeen years.

Assuming the statute of limitations does bar plaintiffs from recovering at law, it may develop that defendants were in some manner responsible for this omission in which case equity may afford the plaintiffs relief. Thus the instant record provides no basis for completely terminating plaintiffs' cause of action.

In conclusion then, we do not decide the merits of this controversy nor express any opinions thereon. We find only that the present pleadings and record furnish no basis for imposing a mandatory preliminary injunction. We do feel, however, that plaintiffs may very well have an adequate remedy at law. We shall, therefore, vacate the mandatory preliminary injunction and remand the matter to the court below with directions that it be certified to the law side of the court.

Order vacated. Case and record remanded for certification to the law side of the court and proceedings consistent with this opinion. Each party to bear own costs.

JACOBS, President Judge, and HOFFMAN and PRICE, JJ., concur in the result.

WATKINS, former President Judge did not participate in the consideration or decision of this case.