# O'Brien v. Jacob Engle Foundation Inc.

*John J. Krafsig, Jr.,* for plaintiff.
*Elizabeth A. Dougherty,* for defendants.

BAYLEY, *J.,* May 5, 1987—

## FINDINGS OF FACT

(1) Plaintiff and defendant entered into negotiations for a lease of office space in defendant's office building located at 850 Wesley Drive, Mechanicsburg, Cumberland County, Pa.

(2) The proposed rental for the space was $100 per month. While the parties continued to negotiate the terms of what was to be a written lease, the defendant allowed plaintiff to take possession of the space on January 12, 1987.

(3) Upon plaintiff taking possession of the premises, defendant accepted a total of $200 to be applied to both the first and last month's rent.

(4) Thereafter, while plaintiff was in possession of the premises, defendant accepted rental payments of $100 a month for the months of February, March and April.

558

(5) When the negotiations for a written lease broke down, defendant utilized self-help in forcibly evicting plaintiff from the premises on April 23, 1987.

## DISCUSSION

Plaintiff has instituted this action in equity and now seeks a preliminary injunction allowing him to utilize the subject premises pending a final resolution of the case in which he also seeks damages for an alleged wrongful eviction. We have held a hearing and the matter is now ready for decision. The Supreme Court of Pennsylvania has noted that the essential prerequisites for the issuance of a preliminary injunction are threefold:

"[f]irst, that it is necessary to prevent immediate and irreparable harm which could not be compensated by damages; second, that greater injury would result by refusing it than by granting it; and third, that it properly restores the parties to their status as it existed immediately prior to the alleged wrongful conduct." *Albee Homes Inc. v. Caddie Homes Inc.*, 417 Pa. 177, 181, 201 A.2d 768, 770 (1965).

A party seeking a preliminary injunction of any nature must establish both: (1) a clear right to the relief sought by a showing of reasonable probability of eventual success in litigation; and (2) that immediate and irreparable injury will result if the injunction is not granted. *Jostan Aluminum Products Co. Inc. v. Mt. Carmel District Industrial Fund*, 256 Pa. Super. 353, 389 A.2d 1160 (1978).

We have no trouble in concluding that the plaintiff has shown a reasonable probability of eventual success in this litigation. Defendant failed to utilize the lawful procedures of the Landlord and Tenant Act of 1951 when it forcibly removed the plaintiff

from the premises.* By allowing plaintiff to enter the premises, and in return accepting $500 in rent and security from January through April, defendant effectively granted him a tenancy at will. Defendant stylizes plaintiff as a tenant by sufferance and argues that it had a right to lawfully use self-help in evicting him. Whether or not a tenant at sufferance may be evicted by self-help need not be decided here because defendant conveniently forgets that it accepted $500 in rent and in return allowed plaintiff to utilize the premises for over three months. At the very least that created a tenancy at will which legally precluded defendant from lawfully utilizing self-help to evict the plaintiff. As noted in *Lenair · v. Campbell,* 31 D. & C. 3d 237 (1984):

"Appellate decisions in this commonwealth support the conclusion that the legislature envisioned the act as a complete and exclusive remedy for a landlord seeking to vindicate his rights. See e.g., *Ewing v. Oliver Realty,* 305 Pa. Super. 486; 451 A.2d 751, 56 (1982), *Peitzman v. Seidman,* 285 Pa. Super, 228, 427 A.2d 196 (1981). Moveover, in an analogous situation, the Pennsylvania Supreme court clearly expressed its view that self-help shall not be employed where judicial procedures are available." *Berman v. City of Philadelphia,* 425 Pa. 13, 228 A.2d 189 (1967).

The grant of a preliminary injunction will restore the parties to their status as it existed immediately prior to the defendant's wrongful conduct. On the issue of whether there is immediate and irreparable harm which could be compensated by damages, and whether a greater injury would result in refusing the grant of an injunction rather than granting

---

*April 6, 1951, P.L. 69, Art. I §101, et seq., 68 P.S. §250.101 et seq.

it, there is an evolving line of Pennsylvania cases which recognize that, as a matter of public policy, the grant of an injunction on these standards is warranted when a landlord utilizes unlawful means to effectuate an eviction. See *Wofford v. Vavreck,* 22 D. & C. 3d 444 (1981); *Commonwealth v. Kitchen Appliances Distributors Inc.* (No. 1), 27 D. & C. 3d 91 (1981); *Lenair v. Campbell,* supra. Accordingly, the following order is entered.

## ORDER OF COURT

And now, this May 5, 1987, it is ordered that:

(1) Defendant, Jacob Engle Foundation Inc., is enjoined and restrained from interfering with plaintiff's possession of the following described premises: "One office (room) at 850 Wesley Drive, Mechanicsburg, Pa. The office is approximately 9' x 12' and is located to the right of the entrance to the building (the third door on the right)."

(2) Plaintiff is not entitled to use the telephone facilities of defendant; however, he may install, at his cost, telephone service to this office.

(3) Under this order plaintiff is designated as a tenant at will, without prejudice to claim any other designation at trial. The rent for the premises is $100 per month having commenced on January 12, 1987.

(4) This order does not preclude defendant from proceeding to lawfully protect its rights under the Landlord and Tenant Act of 1951.

(5) Defendant is restrained from interfering with plaintiff's possession and use of the subject premises pending further order of the court or a lawful eviction pursuant to the Landlord and Tenant Act of 1951.