MONTEMURO, Judge:
This lawsuit has been pending in the Philadelphia Court of Common Pleas for nearly seven years. It began in 1980 as a code enforcement action brought by the City of Philadelphia to compel compliance by both owners and tenants of a building located at 1125 Walnut Street, Philadelphia, with building and fire safety provisions of the Philadelphia Code of Ordinances. In 1976, Pierre Uniforms, Inc., a previous owner of the property, entered into two leases with Wayne Geftman and Barry Geftman (hereinafter “Geftmans”) for the second floor and basement of the building.[1] The Geftmans, doing business through two corporations known as Second Floor, Inc. and Catacombs, Inc., have used the basement and second floor of the building as a nightclub and discotheque. In its code enforcement action, the City sought to force the owners and tenants to install required fire safety equipment, to obtain licenses and permits, and to either cease public occupancy of the basement or take steps to bring it into compliance with code standards. Only some of the code violations were cured over the years through cooperation between the owner and the tenants of this property.
On July 16, 1986, the building was purchased by the appellant, 12th and Walnut Street Associates, who was then *249 brought into the City’s action as party-defendants. On that same day, the trial court entered an order which directed, inter alia, that the appellant submit to the Court a plan and timetable for the remaining required improvements to the building. On September 16, 1986, instead of filing the plan, the appellant filed a “Petition to Prevent Waste and For Injunction and Eviction.” This petition was filed pursuant to Pa.R.C.P. 1576 and sought an injunction to prevent waste by the tenants and the eviction of the tenants. Several hearings were held on the petition. The trial court then entered two orders on November 17, 1986. In its first order, the trial court found that the premises were not in compliance with the Philadelphia Code of Ordinances and the court ordered the tenants, the Geftmans, to cease and desist from operating their businesses until the premises were brought into compliance with the Philadelphia Code.[2] In the second order, the trial court denied appellant all equitable relief under its petition to prevent waste. This appeal was taken from the entry of the latter order.
Appellant has raised two issues for our review as follows:
1. Whether the trial court erred in refusing to grant appellant relief pursuant to Pa.R.C.P. 1576?
2. Whether the trial court abused its discretion in refusing to hear the testimony of appellant’s expert witness, Mr. John Kampmeyer?
*250 Initially, we find that appellant has waived the second issue concerning the proffered testimony of Mr. Kampmeyer by failing to include this issue in the Statement of Matters Complained of on Appeal. See Pa.R.A.P. 1925(b).[3] As to the first issue raised by the appellant, we must first address the contention raised by the City of Philadelphia, one of the appellees in this appeal, that this case properly lies within the exclusive jurisdiction of the Commonwealth Court. In support of this contention, the City has cited 42 Pa.C.S.A. § 762, which provides in pertinent part:
[T]he Commonwealth court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:
(4) Local government civil and criminal matters.
(i) All actions or proceedings arising under any municipality, institution, district, public school, planning or zoning code or under which a municipal authority may be formed or incorporated or where is drawn in question the application, interpretation or enforcement of any:
*251 (B) home rule charter or local ordinance or resolution;
See 42 Pa.C.S.A. § 762 (emphasis added)
We reject the City’s argument that this appeal is within the exclusive jurisdiction of the Commonwealth Court. Although the motion which is the subject of the instant appeal was filed within an action originally brought to obtain compliance with local ordinances of the City of Philadelphia, the instant appeal does not center upon the application, interpretation or enforcement of these ordinances. Instead, the issue involved in this appeal centers upon the proper application and rise of Pa.R.C.P. 1576. Our jurisdiction over this appeal is therefore proper,[4]
Pa.R.C.P. 1576(a) provides for remedies in pending actions as follows:
(a) In any action at law or in equity, on petition of any party setting forth facts entitling him to such relief, the court may, at any time before or after judgment, in accordance with Rule 1531(a), 1531(c), 1531(d) and 1531(e), and upon such terms and conditions, including the filing of security, as it may fix, issue an injunction pendente lite to restrain waste of real property which is a subject of the action.
We agree with the trial court that appellant may not invoke Pa.R.C.P. 1576 to obtain an injunction and an eviction of the tenants of this property.[5] Firstly, the only relief provided *252 by Rule 1576 is an injunction pendente lite. It was clearly improper for appellant to seek an eviction of tenants by invoking this rule. Further, in order for an injunction to be granted to restrain waste, this Rule states that real property must be a “subject of the action.” Our research has revealed no Pennsylvania case which interprets Rule 1576. However, our close reading of this Rule convinces us that the instant case is not a case where real property is a “subject of the action.” The subject of the action brought by the City in this case is compliance with City ordinances and City licensing or permit requirements. Appellant and its tenants are co-defendants in this case. We believe that Rule 1576 is intended to be invoked in those cases where such issues as possession, control, or title to real property are at stake, causing the property itself to be a “subject of the action.” We note the following statements in the Commentary to Rule 1576 contained in Goodrich-Amram 2d § 1576:1 and § 1576(a):l.l respectively:
Persons entitled to the remedy against waste include a landlord, remaindermen and reversioners, a plaintiff in ejectment awaiting final judgment, judgment creditors, and other lien creditors.
The purpose of a bond is to secure to the defendants immunity from any danger to the use and enjoyment of their rights pending settlement of the question of possession and title to the property ...
We note further that what appellant seeks to obtain under the purview of Rule 1576 is equitable relief.[6] It *253 is axiomatic that equity will entertain jurisdiction only in the absence of an adequate remedy at law. Jostan Aluminum Products Co. v. Mount Carmel District Industrial Fund, 256 Pa.Super. 353, 359, 389 A.2d 1160, 1163 (1978) (citations omitted). Appellant has an adequate remedy at law. Appellant can sue under the lease agreement it has with the tenants, the Geftmans. We have reviewed the lease agreement which is contained in the record on this appeal. We specifically note the following provisions contained in the lease agreement for the basement area of the building:
Lessee covenants and agrees that he will without demand:
(b) Keep the demised premises clean and free from all ashes, dirt, and other refuse matter; replace all glass windows, doors etc., broken; keep all waste and drain pipes open; repair all damage to plumbing and to the premises in general; keep the same in good order and repair as they now are, reasonable wear and tear and damage accidental or other casualty not occurring through negligence of Lessee or those employed by or acting for Lessee alone excepted. The Lessee agrees to surrender the demised premises in the same condition in which the Lessee has herein agreed to keep the same during the continuance of this lease. (Lease of basement area para. 8(c)).
31. Lessee covenants and agrees to be responsible for all maintenance and repairs of the demised premises. It is expressly understood between the parties that lessor will not be responsible, in any way, for maintaining or operating the demised premises. (Addendum and Rider to Lease of basement area at p. 3).
*254 32. Lessee covenants and agrees to pay the cost for and bear the responsibility of obtaining any and all licenses, permits or any other requirements of any governmental entity relating to the use and occupation of the demised premises. (Addendum and Rider to Lease of basement area at p. 3).
Similar provisions are contained in the lease of the second floor area. In addition, the lease of the second floor area includes the following provision regarding maintenance of the demised premises:
In the event that the TENANT shall fail to perform any repairs which are deemed necessary by the LANDLORD within thirty (30) days from the date that the LANDLORD shall have requested same, the LANDLORD may, at its option, and upon thirty (30) days additional written notice to the TENANT, go upon the DEMISED PREMISES and perform such repairs, the cost thereof, at the option of the LANDLORD, to be charged to the TENANT. (Lease of second floor area at p. 8).
Although we express no opinion on the merits of this controversy, we believe that appellant may very well have an adequate remedy at law. In Jostan, supra the lessee and sublessee of an industrial building brought suit in equity to obtain an injunction directing various defendants, including the lessor, to construct and install a new roof. The lease involved in Jostan included a section which required the tenant to make all repairs except those repairs necessitated by faulty or defective construction. What we said in Jostan is equally applicable in this case:
Instantly, plaintiffs’ complaint in equity seeks, in effect, restoration or replacement of a roof under the terms of a lease agreement. We perceive no reason why this claim cannot be pursued at law in an assumpsit action to recover damages ... In other words, plaintiffs could simply sue under their lease. Despite averments of irreparable harm, we think it clear that plaintiffs can obviate any further injury by presently engaging a contractor to *255 make the necessary repairs or replacement pending resolution of the liability issue in an assumpsit action.
Jostan, supra, 256 Pa.Superior Ct. at 359, 389 A.2d at 1163. See also Platt v. City of Philadelphia, 183 Pa.Super. 486, 133 A.2d 860 (1957).
Order affirmed.

. Both leases are scheduled by their terms to expire on April 30, 1988. Brief for appellant at 6.

. This order was also directed to Second Floor, Inc. and Catacombs, Inc., which are the corporations through which the Geftmans conduct their business at 1125 Walnut Street, Philadelphia. On December 8, 1986, the trial court lifted the injunction prohibiting the tenants from occupying the premises because the court determined that all Code violations had been corrected. However, on October 1, 1987, this court granted appellant’s Application for Relief pursuant to Pa.R.A.P. 123. This allowed the appellant to supplement the record in this appeal to include a copy of a letter, dated July 31, 1987, sent by the City of Philadelphia to Second Floor, Inc., which suspended all operations on the second floor of the building until a valid Certificate of Occupancy was issued by the Philadelphia Department of Licenses and Inspection. Apparently, despite the institution of the code enforcement action in 1980, the City has not yet been able to bring this building into full compliance with City ordinances regulating its use as a place of public assembly.

. In Commonwealth v. Barba, 314 Pa.Super. 210, 460 A.2d 1103 (1983), we determined that a sentencing issue had been waived by appellant’s failure to include the issue in the statement of matters complained of on appeal. In Barba, we recognized that our supreme court had defined the parameters of the waiver provision in Rule 1925 in its decision Commonwealth v. Silver, 499 Pa. 228, 452 A.2d 1328 (1982). Id. 314 Pa.Super. at 222, 460 A.2d at 1110. "The waiver provision of Rule 1925(b) is clearly discretionary. The statement provided for therein is intended to aid the trial court in the preparation of an opinion where the basis of the appeal is unclear after post-verdict motions have been disposed of. The waiver provision of the Rule is properly invoked only where failure to file a statement of issues raised on appeal defeats effective appellate review." Silver, supra 499 Pa. at 238, 452 A.2d at 1333. In the instant case, áppellant’s outright failure to include any issue concerning the exclusion of the proffered expert testimony in the concise statement of matters complained of on appeal precluded the trial court from addressing this issue in its opinion. As a result, we are left to speculate as to the trial court’s factual findings and basis for excluding this testimony. Effective appellate review is therefore defeated and, under these circumstances, we find that appellant has failed to preserve this issue for appellate review.

. Cases within the exclusive jurisdiction of the Commonwealth Court pursuant to 42 Pa.C.S.A. § 762(a)(4)(i)(B) have centered upon the interpretation and enforcement of local ordinances. In Osser v. City of Philadelphia, 295 Pa.Super. 447, 441 A.2d 1317 (1983), this court transferred a case to the Commonwealth Court pursuant to 42 Pa.C. S.A. § 762(a)(4)(i)(B). Osser involved an appeal of an order in which the court of common pleas had upheld a determination by the Pension Board of the City of Philadelphia that under city pension ordinances, appellant’s conviction for mail fraud had properly resulted in a forfeiture of his city pension. The appellant in Osser claimed on appeal that the Pension Board’s interpretation of the applicable city pension ordinance was erroneous.

. The trial court also concluded that, in any event, the appellant had not met its burden of proving waste in the instant case. We need not consider whether this determination by the trial court was proper, *252 because we have determined that Pa.R.C.P. 1576 was not properly invoked as a means to obtain relief in the circumstances of this case.

. We find it significant that Pa.R.C.P. 1576 requires that before an injunction pendente lite may properly be issued, the party seeking the injunction must file a petition “entitling him to such relief." Relief under Rule 1576 may then be issued in accordance with the rules relating to preliminary or special injunctions. See Pa.R.C.P. 1576(a). We believe that, in determining whether a party has shown that he is entitled to an injunction under Rule 1576, it is necessary to refer to the well-settled principles of preliminary injunctions. If the threatened injury is not imminent or is not permanent and irreparable and *253 the plaintiff has available an adequate remedy at law, then a petition for preliminary injunction will be refused. See, e.g., Credit Alliance Corporation v. Philadelphia Minit-Man Car Wash Corporation, 450 Pa. 367, 301 A.2d 816 (1973); Three County Services, Inc. v. The Philadelphia Inquirer, 337 Pa.Super. 241, 486 A.2d 997 (1985).