## Booth v. Southern Fulton School District

C.P. of Fulton County, no. 152 of 1998-C.

*Dwight C. Harvey,* for plaintiffs.
*Andrew J. Kennedy,* for defendant.

WALSH, *J.,* October 30, 1998—

## PROCEDURAL AND FACTUAL BACKGROUND

This matter initiated by the filing of a complaint on July 15, 1998 that alleges the defendant failed to provide certain medical coverage (vision, dental, and drug prescription) for the plaintiffs. See complaint, ¶18. The plaintiffs pray that this court enter a mandatory injunction requiring defendant to pay past and future premiums for the disputed coverage.

Defendant preliminarily objected to the complaint on a variety of bases. It has first sought demurrers to all of the plaintiffs' claims alleging that it did not contract to provide the additional medical coverage sought. See defendant's preliminary objections, ¶¶8-52. Second, defendant claims that a grievance filed by the Southern Fulton Education Association on January 20, 1998, on behalf of plaintiffs Layton, Ritz and L. Keen Elbin precludes this court's jurisdiction. See *id.*, ¶¶53-56. Defendant also alleges that the same pending grievance precludes this court's jurisdiction as to the claims of plain-

tiffs Booth and George Elbin. See *id.,* ¶¶61-67. Next, the defendant claims that the plaintiffs have an adequate remedy at law. See *id.,* ¶¶57-60. Finally, the defendant challenges the complaint on the basis that it is inadequately pled. See *id.,* ¶¶68-71.

As a preliminary matter, it is imperative to identify the collective bargaining agreement or contract that governs each plaintiff's employment and retirement. Plaintiff Ritz retired June 30, 1988, and he is subject to a collective bargaining agreement covering the period July 1, 1986, through June 30, 1989 (CBA no. 1); it is found at exhibit A to the complaint. Plaintiff L. Keen Elbin retired on June 30, 1992, and plaintiff Layton retired August 18, 1993. Both plaintiffs L. Keen Elbin and Layton were subject to a collective bargaining agreement dated February 16, 1990 (CBA no. 2); it is found at exhibit B to the complaint. Plaintiff Booth retired on June 30, 1994, and he is subject to an individual agreement found at exhibit E of the complaint. Plaintiff George Elbin is subject to an individual agreement dated May 28, 1991, found at exhibit D of the complaint.

## ISSUES

I. Whether the defendant is entitled to demurrers on the claims that it is required to maintain the additional medical coverage sought by the plaintiffs.

II. Whether the pendency of a prior proceeding precludes this court's jurisdiction over the claims of plaintiffs Layton, Ritz and L. Keen Elbin.

III. Whether the pendency of a prior proceeding precludes this court's jurisdiction over the claims of plaintiffs Booth and George Elbin.

IV. Whether the plaintiffs have an adequate remedy at law.

V. Whether the plaintiffs should be required to re-plead their complaint with separate counts.

## DISCUSSION

"It is well-established that in the review of preliminary objections, the facts that are well-pleaded, material, and relevant will be considered as true, together with such reasonable inferences as may be drawn from such facts." *Mellon Bank N.A. v. Fabinyi,* 437 Pa. Super. 559, 567, 650 A.2d 895, 899 (1994). With this standard in mind, this court will now address the defendant's preliminary objections.

### I. *Whether the Defendant Is Entitled to Demurrers on the Claims That It Is Required To Maintain the Additional Medical Coverage Sought by the Plaintiffs*

"[P]reliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by a demurrer. . . . In order to sustain a demurrer, it is essential that the face of the complaint indicate that its claims may not be sustained and that the law will not permit a recovery. . . . If there is any doubt, it should be resolved by the overruling of the demurrer." *Mellon Bank* at 567-68, 650 A.2d at 899 (citations omitted); see also, *Willet v. Pennsylvania Medical Catastrophe Loss Fund,* 549 Pa. 613, 702 A.2d 850 (1997).

"A demurrer is appropriate only if there is a certainty that no recovery is possible, and all doubts must be resolved in favor of the pleader." *Field v. Philadelphia Electric Co.,* 388 Pa. Super. 400, 426, 565 A.2d 1170, 1183 (1989); see also, *Cianfrani v. Commonwealth, State Employees Retirement Board,* 505 Pa. 294, 479 A.2d 468 (1984), and *Willet, supra.*

The plaintiffs claim that they are entitled to enjoy certain medical benefits in their retirement at the defendant's expense. Complaint at ¶18. Specifically, the plaintiffs argue that the defendant should continue to pay the premiums on their health and dental care insurance, prescription drug coverage and vision care insurance. *Id.*

In support of their claim for the additional medical coverage, plaintiffs Ritz, L. Keen Elbin, and Layton rely upon the following provision of their agreements:

"Retirement Health Insurance—Provided an employe shall retire at 60 years of age or more and have at least 10 years of continuous service with the school district, or 30 years of teaching service and at least 10 of those years are continuous service with the school district, employer will *continue to provide medical,* surgical and major medical health *insurance coverage for the retiree and dependents with the same level of benefits as then accorded working employes* under a written contract with employer until such retiree shall attain the age of 65 years." CBA no. 2, section VII-H (emphasis added); CBA no. 1, section VII-H. Plaintiffs Booth and George Elbin rely upon the following provision in their individual agreements:

"Retirement Health Insurance Shall Be Provided As Indicated In Section VII-H Of The Current S.F.E.A. [Southern Fulton Education Association] Professional

Collective Bargaining Agreement." Complaint, exhibit D.[1] Prior to reciting the retirees' benefits, CBA no. 1 and no. 2 outline each fringe benefit that a current employee would enjoy. Those benefits include, inter alia, life insurance, health insurance, dental insurance, prescription drug coverage, and vision care insurance. CBA no. 1 and no. 2, sections VII, A - E. Unfortunately, the term "medical," as used in section VII-H of both CBAs, is never defined and, therefore, it can rationally be argued that the insurance coverage sought by the plaintiffs is *medical in nature* and that these retired plaintiffs should enjoy the same level of benefits currently provided to present employees. Because this issue cannot be resolved on the basis of the complaint itself, the defendant's demurrers are overruled.

II. *Whether the Pendency of a Prior Proceeding Precludes This Court's Jurisdiction Over the Claims of Plaintiffs Layton, Ritz and L. Keen Elbin*

The defendant next claims that a pending prior action requires the dismissal of these claims with prejudice. It is alleged that a grievance was filed on behalf of these three plaintiffs by S.F.E.A. on January 20, 1998. See defendant's preliminary objections, ¶55.[2] The plaintiffs have denied this allegation.

To prevail on a preliminary objection claiming the pendency of prior proceeding, the objecting party must show that the prior case is the same, the parties are the

---

1. The current agreement would have been CBA no. 2 and its section VII-H has already been set forth in its entirety *supra*.

2. In fact, the exhibit referenced by the defendant appears to indicate that a grievance was filed on January 26, 1998.

same and that the relief requested is the same. *Penox Technologies Inc. v. Foster Medical Corp.,* 376 Pa. Super. 450, 546 A.2d 114 (1988). In this lawsuit, the defendant has failed to prove to this court's satisfaction that the grievance filed on January 26, 1998, was in fact filed on the behalf of these three plaintiffs. The claim does not even identify the aggrieved parties except as "teachers." See defendant's preliminary objections, exhibit no. 3. These plaintiffs are no longer teachers, they are *retired* teachers and they were so on the date this grievance was filed. On this basis alone, the defendant's motion can be denied.

Moreover, the relief sought in the alleged grievance was limited to:

"(1) Affected bargaining unit members be made whole in every legal and contractual aspect; (2) Payment for all benefit expenses incurred by affected bargaining unit members as a result of benefit denial; (3) And any other relief deemed appropriate by the arbitrator." Defendant's preliminary objections, exhibit no. 3.

This claim can rationally be construed as only seeking reimbursement for past premiums incurred, and not a request to compel the defendant to continue to pay future premiums on the plaintiffs' behalf. On the other hand, in the present suit, the plaintiffs are seeking "a *mandatory injunction,* requiring the defendant to pay the premiums for health and dental insurance, prescription drug coverage, and vision care insurance for each of the plaintiffs as provided for by their contract and as the school district has been doing heretofore." Complaint's prayer for relief. (emphasis added) If, in one action, a plaintiff seeks an equitable relief and in the second only money damages are sought, the pendency of one action will not

preclude the other. See *Glazer v. Cambridge Industries Inc.,* 281 Pa. Super. 621, 422 A.2d 642 (1980). Because the relief sought in the present suit and that sought in the grievance is conceptually different, this suit may go forward despite the mere allegation that a prior claim is pending.

The defendant has further suggested that the exclusive means for initiating a claim interpreting the CBA is through arbitration. These plaintiffs, the defendant argues, should be required to follow through with the grievance procedure as outlined in the CBA. It is true that these plaintiffs, as the defendant's *employees,* agreed to a certain grievance procedure in the CBAs.[3] However,

---

3. An example of the grievance procedure follows:

"(C) Specific procedures

"(i) Level I

"(a) An employee with a grievance shall first discuss it with the principal having immediate supervision over the employee within five days after the occurrence of the event giving rise to the alleged grievance.

"(b) If the grievance is not resolved to the satisfaction of the aggrieved person by the above process, he shall submit, within 10 days of the first meeting, a written account of his grievance to such principal and the association. This account shall include the facts giving rise to the grievance, the specific provisions of the agreement that were allegedly violated and the employee's proposed solution.

"(c) Within five days of receipt of the written formal grievance, the principal shall reply to the aggrieved person in writing.

"(ii) Level II

"If the grievance is not resolved at Level I, the aggrieved person may, within five days after the written decision of the principal, file an appeal with the superintendent stating the ground for such appeal. The superintendent or his designated representative shall within 10 days after receipt confer with the aggrieved person, the principal and other knowledgeable persons to obtain specific evidence regarding the appeal. Within 15 days of the receipt of the appeal the superintendent or

presently one clear characteristic that these three plaintiffs now share is that they are all *retirees;* they are not presently employees of the defendant. An employee is:

"A person in the service of another under any contract of hire, express or implied, oral or written, where the employer has the power or right to control and direct the employee in the material details of how the work is to be performed." Black's Law Dictionary, sixth edition (1990).

As retirees, these plaintiffs are no longer *in the defendant's service.* On this basis, these plaintiffs should not be required to proceed with arbitration.

The defendant has also directed this court's attention to a provision of the Public Employee Relations Act[4] mandating arbitration of disputes involving the interpretation of a CBA. See 43 P.S. §1101.903 (1970). As de-

---

his designated representative shall forward a decision to the aggrieved person, the principal and the association.

"(iii) Level III

"If the grievance is not resolved at Level II, the aggrieved person may, within five days, file an appeal with the board of school directors of the district. The board may hear the grievance or delegate to a committee the authority to hear and resolve it. In each case, a hearing shall be held within 25 days after receipt of the appeal and the board's resolution of the grievance shall be made within 10 days after its last hearing. The grievance will be heard at an executive session of the board or committee unless the aggrieved person shall request an open meeting pursuant to the Sunshine Act.

"(iv) Level IV

"If the action in Level III above fails to resolve the grievance to the satisfaction of the aggrieved party, the grievance shall be referred to binding arbitration as provided in section 903 of Act 195 within 25 days of the receipt of written notice from the employer." CBA no. 2, sections X, C.

4. 43 P.S. §1101.201 et seq. (1970).

fined by the PERA, " '[p]ublic employe' or 'employe' means any individual employed by a public employer." 43 P.S. §1101.301(2) (1970). These plaintiffs are no longer public employees, and as such they are not governed by the Act.

The defendant's motion to dismiss the claims of plaintiffs Layton, Ritz and L. Keen Elbin on the basis that another proceeding is pending is hereby denied.

### III. *Whether the Pendency of a Prior Proceeding Precludes This Court's Jurisdiction Over the Claims of Plaintiffs Booth and George Elbin*

The defendant has preliminarily objected on the basis that a prior proceeding is also pending involving these two plaintiffs. The defendant claims that a grievance was filed on their behalf by the S.F.E.A. seeking the same relief sought in this lawsuit. The discussion involving the elements of a successful lis pendens preliminary objection as outlined in section II, *supra,* is hereby incorporated by reference as if fully set forth within. Again, the defendant has failed to establish that the grievance was filed on the behalf of these two plaintiffs. Interestingly, the claim form indicates that it was filed on the behalf of the "teachers" in the Southern Fulton School District. See defendant's preliminary objections, exhibit no. 3. These plaintiffs are not teachers, they are *retired principals.* The defendant has failed to establish to this court's satisfaction that the parties in the two actions are the same. On this basis, the defendant's preliminary objection in the form of a motion to dismiss or stay proceedings is hereby denied.

Moreover, these two plaintiffs are not even subject to mandatory arbitration. They each negotiated individual contracts with the S.F.E.A. that did not include provi-

sions for arbitration. The defendant has suggested that by incorporating the retirement health benefits of section VII-H of the CBA, these plaintiffs' contracts incorporated the entire CBA including its provisions on mandatory arbitration. See defendant's preliminary objections, ¶62. This court cannot accept this argument. The incorporation language utilized clearly indicated that only one clause was to be incorporated.

### IV. *Whether the Plaintiffs Have an Adequate Remedy at Law*

The defendant argues that because the plaintiffs are seeking reimbursement of funds they each expended for medical coverage since May 1, 1998, that this suit is more properly brought on the law side of the court. The defendant asserts that there is an adequate remedy at law; *i.e.,* require the defendant to reimburse the plaintiffs for the out-of-pocket funds since May 1, 1998. When there is an adequate remedy at law, a suit in equity is not proper. See *City of Philadelphia v. Pierre Uniforms Inc.,* 369 Pa. Super. 246, 535 A.2d 142 (1987); and Pa.R.C.P. 1509(c).

However, presently these plaintiffs are seeking a mandatory injunction requiring the defendant to provide past *and future* premiums for medical coverage. In this case, equitable jurisdiction is appropriate. If successful in an action at law, these plaintiffs would only be entitled to the reimbursement of their out-of-pocket expenses for premiums paid by them since May 1, 1998. Nothing would preclude the defendant from again denying to pay the premiums on future coverage and requiring the plaintiffs to file a similar lawsuit again. It is entirely appropriate for a court to exercise equitable jurisdiction, when to do so would obviate the need for multiple lawsuits.

See *Luitweiler v. Northchester Corp.,* 456 Pa. 530, 319 A.2d 899 (1974); and *Virgilli v. Southwestern Pennsylvania Water Authority,* 58 Pa. Commw. 340, 427 A.2d 1251 (1981). The defendant's motion to certify this case to the law side of the court is hereby denied.

### V. Whether the Plaintiffs Should Be Required To Re-Plead Their Complaint With Separate Counts

The defendant's final preliminary objection is a request for a more specific pleading. The defendant claims that it is unable to mount a sufficient defense without a knowledge of which legal theories the plaintiffs wish to pursue. The plaintiffs are apparently seeking recovery on at least two alternative theories, breach of contract and promissory estoppel. However, this complaint contains only a single count with a single demand for relief. Rule 1020(d)(1)[5] requires a plaintiff pleading *alternative* causes of action to plead them in separate counts. Because these plaintiffs are seeking to recover on the theories of breach of contract *and* promissory estoppel, they should be required to plead each alternative cause of action in a separate count.

The court will enter the attached order.

### ORDER

October 30, 1998, after hearing argument on the defendant's preliminary objections and reviewing both parties briefs, this court orders as follows:

---

5. Pa.R.C.P. 1020(d)(1) reads as follows:

"If a transaction or occurrence gives rise to more than one cause of action against the same person, *including causes of action in the alternative,* they shall be joined in separate counts in the action against any such person." (emphasis added)

(1) The defendant's demurrer to the claims made by plaintiff John C. Ritz is hereby overruled;

(2) The defendant's demurrer to the claims made by plaintiff L. Keen Elbin is hereby overruled;

(3) The defendant's demurrer to the claims made by plaintiff Edwin H. Layton is hereby overruled;

(4) The defendant's demurrer to the claims made by plaintiff George R. Elbin is hereby overruled;

(5) The defendant's demurrer to the claims made by plaintiff Clyde O. Booth is hereby overruled;

(6) The defendant's motion to dismiss the claims of plaintiffs Layton, Ritz, and L. Keen Elbin on the basis that another proceeding is pending is hereby denied;

(7) The defendant's motion to certify the plaintiffs' claims to the law side of the court is hereby denied;

(8) The defendant's motion to dismiss the claims of plaintiffs Booth and George Elbin on the basis that another proceeding is pending is hereby denied; and

(9) The defendant's motion for a more specific pleading is hereby granted. Plaintiffs are hereby directed to file an amended complaint consistent with this opinion within 20 days of the date of service of this order.