637 A.2d 1331

**R. Floyd McCONNAUGHEY and Dorothy McConnaughey, his wife, Appellants,**

v.

**BUILDING COMPONENTS, INC., a Corporation and Inter–Lock Steel Company, a Corporation, Appellees.**

Supreme Court of Pennsylvania.

Argued March 8, 1993.

Decided March 8, 1994.

William J. Ober, Jennie K. Bullard, Greensburg, for appellants.

Louis C. Long, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, for Building Components Inc.

David M. Landay, Pittsburgh, for Inter–Lock Steel Co.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION ANNOUNCING THE JUDGMENT OF THE COURT

PAPADAKOS, Justice.

This is an appeal from the Order of the Superior Court, 401 Pa.Super. 329, 585 A.2d 485, which affirmed the order of the Court of Common Pleas of Westmoreland County granting Appellee's, Building Components, Inc., motion for summary judgment in a negligence action instituted as a result of the collapse of a dairy barn on Appellants' property. The issue presented on appeal is whether a manufacturer of a product, which is incorporated into an improvement to real property by others, is entitled to the protection afforded under 42 Pa.C.S. § 5536, the twelve year statute of repose.[1]

---

1. Act of July 9, 1976, P.L. 586, No. 142, § 2, effective June 27, 1978, as amended by the Act of April 28, 1978, P.L. 202, No. 53, § 10 (63.1), effective June 27, 1978. The statute provides in pertinent part:

 (a) *General Rule.*—Except as provided in subsection (b), a civil action or proceeding brought against any person lawfully performing or

 Summary judgment is granted properly when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Pa.R.C.P. 1035(b). Summary judgment is appropriate only in those cases which are clear and free from doubt. *Musser v. Vilsmeier Auction Co., Inc.*, 522 Pa. 367, 370, 562 A.2d 279, 280 (1989). The record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Marks v. Tasman*, 527 Pa. 132, 135, 589 A.2d 205, 206 (1991).

The facts in the light most favorable to the non-moving party are as follows: In the latter part of 1970, Appellants purchased pre-constructed roof trusses from Appellee. Appellee manufactured these roof trusses and maintained a supply of them for sale to the public. In construction of the trusses, Appellee utilized metal gusset plates supplied by a second defendant, Inter–Lock Steel Company, to connect the individual wooden beams at various stress points in the trusses. The roof trusses in issue were not manufactured to the order or specification of the Appellants. After Appellants purchased the trusses, they were incorporated into the barn constructed on their property.

On January 30, 1986, well over 12 years after the trusses were purchased by the Appellants and made a part of the barn

furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement to recover damages for:

(1) Any deficiency in the design, planning, supervision or observation of construction or construction of the improvement.

(2) Injury to property, real or personal, arising out of any such deficiency.

(3) Injury to the person or for wrongful death arising out of such deficiency.

42 Pa.C.S. § 5536.

Statutes of repose differ from statutes of limitation in that statutes of repose potentially bar a plaintiff's suit before the cause of action arises, whereas statutes of limitation limit the time in which a plaintiff may bring suit after the cause of action accrues.

structure, the roof of Appellants' free-stall dairy barn collapsed, killing 37 dairy cows. Appellants instituted the underlying action alleging that the proximate cause of the collapse of their barn was the negligent manufacture and defective construction of the roof trusses by Appellee. With respect to Inter–Lock Steel, Appellants alleged that the coating on the truss splice plates showed "intergranular cracking" from corrosion which led to the failure in the stressed areas.

The trial court granted summary judgment in favor of Appellee based upon the determination that the action was barred by the statute of repose applicable to construction projects, 42 Pa.C.S. § 5536. The motion for summary judgment of Inter–Lock Steel Company was denied. The Superior Court affirmed the trial court's decision and this appeal followed.

 The party moving for protection under the statute of repose must show: (1) what is supplied in an improvement to real estate; (2) more than 12 years have elapsed between the completion of the improvements to the real estate and the injury; and (3) the activity of the moving party must be within the class which is protected by the statute. See, *McCormick v. Columbus Conveyer Co.*, 522 Pa. 520, 564 A.2d 907 (1989). Appellants do not contest the first two requirements of the statute. However, Appellants allege that Appellee, as the manufacturer of the roof trusses, is not entitled to protection under the statute because Appellee is not within the class which is protected by the statute.

The statute of repose protects:

> ... any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of *an improvement to real property* ...

42 Pa.C.S. § 5536 (emphasis added). The lower courts' focus was on whether the roof trusses were improvements to real property. Once the courts determined that the trusses were improvements to real property, the courts decided that Appellee was a "person ... furnishing ... construction of any improvement to real property" within the meaning of the

statute.[2] The proper inquiry in this case is whether the statute of repose is meant to protect only *builders* or whether the legislature intended the defense to be enjoyed by *manufacturers* and *suppliers* as well.

We find that the clear and unambiguous language of the statute of repose establishes that a manufacturer who does nothing other than supply a defective product which later is incorporated into an improvement to real property by others is not within the purview of the statute. While roof trusses may be considered improvements to real property according to the definition of fixtures, the statute only protects the acts of those persons *involved* in the *design, planning, supervision, construction or observation of the construction of an improvement to real property itself.*[3] When a manufacturer

2. In reaching its decision, the Superior Court relied on the analysis in *Catanzaro v. Wasco Products, Inc.,* 339 Pa.Superior Ct. 481, 489 A.2d 262 (1985) (manufacturer of a skydome covered under § 5535) and *Mitchell v. United Elevator Company, Inc.,* 290 Pa.Superior Ct. 476, 434 A.2d 1243 (1981) (elevator determined to be improvement to real property). The main issue in those cases centered around whether a specific product was an improvement to real property. In *Catanzaro, supra,* the Superior Court broadly interpreted the statute of repose and concluded "that the appellees, as alleged manufacturers of the skydome, necessarily planned, designed and built the skydome, and are, therefore, persons which the class afforded protection by the act." 489 A.2d at 266. The lower courts in this case relied on *Catanzaro* in order to judicially extend the protection of the statute to include a manufacturer/supplier of roof trusses which were incorporated into the roof of the barn. In *Mitchell, supra,* the court focused solely on the issue of whether the construction of the elevator in an apartment building was the construction of an improvement to real property. The court did not even consider the issue of whether the activity the manufacturer was engaged in was the kind of activity intended to be protected by the statute.

3. While the language of the Pennsylvania statute of repose does not specifically include manufacturers or suppliers as persons who may avail themselves of the protection afforded by the statute, the standard adopted by a majority of this Court in *McCormick, supra,* clearly focuses on the activity performed rather than whether the product is an improvement:

The Pennsylvania statute identifies its class not by the status or occupation of its member but rather by the *contribution or acts done in relation to the improvement to the real property.* Thus, the statute immunizes from liability after 12 years "any" person lawfully *performing or furnishing such activities.* The word "any" is generally

does nothing more than supply the component products for an improvement to real property, the manufacturer is not protected by the statute. The fact that a manufacturer designs and plans the component products which later are incorporated into an improvement to real property is irrelevant under the statute. The Pennsylvania statute of repose was not intended to apply to manufacturers and suppliers of products, but only to the kinds of economic actors who perform acts of "individual expertise" akin to those commonly thought to be performed by builders.[4]

■ In *Freezer Storage, Inc. v. Armstrong Cork Co.*, 476 Pa. 270, 382 A.2d 715 (1978), this Court upheld the constitutionality of the statute of repose. We acknowledged the distinction between suppliers/manufacturers and builders and commented that such a distinction would be based rationally on real differences. We stated:

> [S]uppliers who typically produce items by the thousands can easily maintain high quality control standards in the controlled environment of the factory. A builder, on the other hand, can protect his design and construction only in limited ways—actual use in the years following construction is their only real test. Further, every building is unique and far more complex than any of its component parts. Even in the most uniform-looking suburban subdivision,

used in the sense of "all" or "every" and its meaning is not comprehensive.
522 Pa. at 520, 564 A.2d at 910 (quoting, *Leach v. Philadelphia Savings Fund Society*, 234 Pa.Superior Ct. 486, 490, 340 A.2d 491, 493 (1975) (emphasis added).

4. When construing statutes under Pennsylvania law, it is assumed that the legislature does not intend a result which is absurd or unreasonable. *Zimmerman v. O'Bannon*, 497 Pa. 551, 556, 442 A.2d 674, 677 (1982). The policy behind Pennsylvania product liability law is that a manufacturer of a defective product is subject to liability for injury caused as a result of that defect. *Webb v. Zern*, 422 Pa. 424, 220 A.2d 853 (1966). This policy would be undermined if manufacturers of products were able to claim that the statute of repose relieves them of liability merely because their products somehow have become part of "improvements to realty." A manufacturer must make its product safe for its intended use and will not be insulated from liability merely because the purchaser of a defective product incorporated it into the design of a structure.

each house stands on a separate plot of land; each lot may have slightly different soil conditions; one may be near an underground stream; and so forth. The Legislature can rationally conclude that the conditions under which builders work are sufficiently difficult that limitations should be placed on their liabilities, but not on the liabilities of suppliers.

*Freezer Storage,* 476 Pa. at 274, 382 A.2d at 719. Thus, the operative question before us is whether Appellee "furnished construction" or merely "furnished supplies" to be used in construction.

The trial court stated in its opinion that the parties do not agree as to what involvement, if any, Appellee had in the installation of the finished roof trusses, or the supervision thereof. The Superior Court stated that Appellee was not involved in the planning, design or construction of the barn. However, we find that the trial court did not abuse its discretion in finding that the extent of Appellee's involvement regarding the barn was in dispute.[5] Therefore, a genuine issue of material fact exists and a grant of summary judgment is inappropriate at this time.

Accordingly, we reverse the order of the Superior Court and remand this case to the trial court for proceedings consistent with this opinion.

**5.** The record reflects Appellants pleaded in their complaint that Appellee assisted in the design and planning of the construction of the roof trusses into the real property. Appellee denied participating in any of these activities in its answer to Appellants' complaint. Then, Appellants provided affidavits with their Motion in Opposition to Summary Judgment stating that Appellee did not participate in any of the above-mentioned activities, in direct contradiction to the facts as pleaded in their complaint.

The purpose for filing "supporting affidavits" pursuant to Pa.R.C.P. 1035(a) is to *support* allegations of fact which appear in the pleadings. Appellants cannot use affidavits in order to supply factual allegations essential to avoid the statute of repose which were omitted from the initial pleading. While Appellants can ask the court for permission to amend their pleadings to comport to the facts as stated in their affidavits, Appellants have not done so. Therefore, Appellants' affidavits must be ignored at this time for summary judgment purposes and the determination of whether there is a disputed issue of material fact must be made on the basis of the pleadings alone.

LARSEN, J., did not participate in the decision of this case.

NIX, C.J., and ZAPPALA and CAPPY, JJ., concur in the result.

MONTEMURO, J., who was an appointed Justice of the Court at the time of argument, participated in the decision of this case in his capacity as a Senior Justice.