667 A.2d 404

COLUMBIA GAS OF PENNSYLVANIA, INC., Appellant,

v.

CARL E. BAKER, INC., Elsie G. Favino, Executrix
of the Estate of James F. Favino, Deceased,
and C.S. Davidson, Inc., Appellees.

Verna SMITH

v.

COLUMBIA GAS OF PENNSYLVANIA, INC.

v.

CARL E. BAKER, INC., Elsie G. Favino, Executrix
of the Estate of James F. Favino, Deceased,
and C.S. Davidson, Inc.

Appeal of COLUMBIA GAS OF PENNSYLVANIA, INC.

(Two Cases).

Brian E. SMITH and Tracy N. Smith

v.

COLUMBIA GAS OF PENNSYLVANIA, INC.

v.

CARL E. BAKER, INC., Elsie G. Favino, Executrix
of the Estate of James F. Favino, Deceased,
and C.S. Davidson, Inc.

Superior Court of Pennsylvania.

Argued Sept. 20, 1995.

Filed Oct. 31, 1995.

482

484

Robert J. Brown, York, for Columbia Gas of Pennsylvania, Inc.

Michael B. Scheib, York, for Carl E. Baker, Inc.

John B. Consevage, Harrisburg, for Elsie G. Favino.

Leo E. Gribbin, Jr., York, for C.S. Davidson, Inc.

Before POPOVICH, SAYLOR and BROSKY, JJ.

SAYLOR, Judge.

Does the twelve-year statute of repose, 42 Pa.C.S. § 5536, protect parties involved in the design and installation of sewer lines from liability to a gas company that alleges that excavation equipment used in installing the sewer lines struck and damaged its gas mains, leading to an explosion more than eighteen years later?

Appellant Columbia Gas ("Columbia") raises this issue in three consolidated appeals from the trial court's order of November 21, 1994, granting judgment on the pleadings based on the statute of repose to Appellees C.S. Davidson, Inc. ("Davidson"), Carl E. Baker, Inc. ("Baker"), and Elsie G. Favino, executrix of the estate of James F. Favino ("Favino"). For the reasons set forth below, we agree with the trial court that Appellees are entitled to the protection of the statute of repose.

The events leading to these appeals began in 1971, when Spring Garden Township, York County, contracted with Favino for the installation of sanitary sewers in parts of the Township, including South Albemarle Street. Favino subcontracted the installation of the lateral sewer service to Baker. The Township retained Davidson to design, engineer, and, allegedly, supervise the installation of the sewers. According to Columbia, excavation equipment operated by a Baker employee struck and damaged gas mains owned and operated by Columbia. The construction of the sewer lines was completed later that year.

On January 11, 1990, a natural gas explosion occurred at 1115 South Albemarle Street. Three lawsuits resulted. In chronological order:

1) Verna Smith sued Columbia to recover for personal injuries and property damage sustained when her home at 1115 South Albemarle Street was destroyed by the explosion. Columbia then joined Appellees as additional defendants.

2) Columbia sued Appellees to recover for damage to its property as a result of the explosion.

3) Brian and Tracy Smith sued Columbia to recover for personal injuries and property damage sustained when their home at 1117 South Albemarle Street was destroyed by the explosion. As in the action brought by Verna Smith, Columbia joined Appellees as additional defendants.

On September 17, 1993, Davidson filed a consolidated motion for judgment on the pleadings in the three actions, arguing that the claims asserted against it in those actions had been extinguished by the statute of repose. Favino and Baker then filed motions for judgment on the pleadings on the same basis and also joined Davidson's motion.

In an order entered November 21, 1994, the trial court granted the motion of Davidson, joined by Favino and Baker, and entered judgment on the pleadings in their favor in all three actions. On December 14, 1994, Columbia filed separate appeals from the order in its action against Appellees (No. 875 Harrisburg 1994), in Verna Smith's action against Columbia (No. 876 Harrisburg 1994), and in the action brought by Brian and Tracy Smith against Columbia (No. 877 Harrisburg 1994). These appeals have been consolidated for our review.[1]

■ Before considering the issues raised by Columbia, we are required to determine whether the appeals are properly before us. Columbia suggests that under amended Pa.R.A.P. 341 the order of November 21, 1994 is interlocutory in the actions filed by Verna Smith and by Brian and Tracy Smith against Columbia because the order does not dispose of all of the claims arising in those actions. We agree.

1. Appellees Favino, Baker, and Davidson have filed briefs in this appeal. Although designated as appellees, Brian Smith and Tracy Smith have filed a brief stating that they concur in and adopt the brief filed by Columbia. Verna Smith has not filed a brief. As used herein, the term "appellees" designates Favino, Baker, and Davidson.

Amended Rule 341 states that, with exceptions not applicable here, a final order is one that "disposes of all claims or of all parties...." By order of the Supreme Court dated January 10, 1994, effective March 1, 1994, amended Rule 341 is made applicable to all orders, such as the one from which these appeals are taken, entered on or after March 1, 1994. The effect of the order of November 21, 1994 in the Smith actions was to grant judgment on the pleadings in favor of Appellees, the additional defendants, but to leave pending the Smiths' actions against Columbia, the original defendant. Accordingly, the order is not final and appealable in those actions, and the appeals arising from those actions, docketed at Nos. 876 and 877 Harrisburg 1994, must be quashed.[2] *Robert H. McKinney, Jr., Associates, Inc. v. Albright,* 429 Pa.Super. 440, 632 A.2d 937 (1993).

The effect of the order in Columbia's action against Appellees, in contrast, was to grant judgment on the pleadings in favor of all of the named defendants, thereby concluding the action. Accordingly, the order is final in that action, and Columbia's appeal at No. 875 Harrisburg 1994 is properly before us.

 In order to determine whether judgment on the pleadings was properly granted, we consider as true all of the well-pleaded statements of fact made by the party against whom the motion was granted. *Jones v. Travelers Insurance Company,* 356 Pa.Super. 213, 514 A.2d 576 (1986). Only those facts which that party has specifically admitted may be considered against the party. *Id.* A party cannot be deemed to admit either conclusions of law or unjustified inferences. *Id.* We will affirm an order granting judgment on the pleadings only when the moving party's right to succeed is certain and the case is so free from doubt that a trial would clearly be a fruitless exercise. *Id.*

---

2. Columbia did not request the trial court to amend its order to include a determination of finality, which application, if granted, would have made the trial court's order final and thus appealable. Pa.R.A.P. 341(c).

■ In the case before us, Columbia's challenge to the trial court's decision to grant judgment on the pleadings is two-fold. First, Columbia contends that "the Statute of Repose should apply only to the improvements to real property which the engineers, contractors or other parties had been engaged to perform." Appellees were engaged to perform work on Spring Garden Township's sewer lines. The natural gas explosion did not involve the sewer lines, however; it occurred as the result of a leak in Columbia's gas mains. Therefore, Columbia argues, the statute of repose should not shield Appellees from liability for negligently damaging the gas mains. Second, Columbia asserts that the statute of repose is unconstitutional because it violates Article III, § 32 and Article I, § 11 of the Pennsylvania Constitution.

With regard to Columbia's challenge to the applicability of the statute, we note that the terms of a statute are to be construed according to their common and approved usage. 1 Pa.C.S. § 1903(a). Thus viewed, the language of the statute of repose does not support Columbia's claim. The statute reads in pertinent part as follows:

(a) **General rule.**—Except as provided in subsection (b) [not applicable here], a civil action or proceeding brought against *any person* lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of *any improvement to real property* must be commenced within 12 years after completion of construction of such improvement to recover damages for:

(1) *Any deficiency* in the design, planning, supervision or observation of construction or construction of the improvement.

(2) Injury to property, real or personal, arising out of any such deficiency.

(3) Injury to the person or for wrongful death arising out of any such deficiency.

(4) Contribution or indemnity for damages sustained on account of any injury mentioned in paragraph (2) or (3).

42 Pa.C.S. § 5536(a) (emphasis added). By its terms, the statute bars any action to recover damages sustained as the result of any deficiency in the specified activities, conducted with respect to any improvement to real property, against any person engaged in the specified activities, if the action is not brought within 12 years after completion of the improvement. In *McCormick v. Columbus Conveyer Co.*, 522 Pa. 520, 564 A.2d 907 (1989), the Supreme Court, interpreting the phrase "any person" as used in the statute, stated that " 'any' is generally used in the sense of 'all' or 'every' and its meaning is most comprehensive." *Id.*, 522 Pa. at 525, 564 A.2d at 910, quoting *Leach v. Philadelphia Savings Fund Society*, 234 Pa.Super. 486, 491, 340 A.2d 491, 493 (1975) (interpreting virtually identical predecessor statute, 12 P.S. § 65.1 *et seq.*). The language of the statute, then, does not support the distinction in applicability proposed by Columbia.

■ In interpreting a statute, we are also required to ascertain and effectuate the intent of the legislature as expressed in the statute. *Leach*, 234 Pa.Super. at 490, 340 A.2d at 493. The expressed legislative intent of the drafters of the statute of repose was to limit actions against those covered by the statute. *Noll v. Paddock Pool Builders, Inc.*, 416 Pa.Super. 284, 611 A.2d 219 (1992), *rev'd on other grounds, Noll v. Harrisburg Area YMCA*, 537 Pa. 274, 643 A.2d 81 (1994).

An additional consideration is the directive that a statute be liberally construed so as to effectuate its purpose. 1 Pa.C.S. § 1928(c). In *Catanzaro v. Wasco Products, Inc.*, 339 Pa.Super. 481, 489 A.2d 262 (1985), the Superior Court, analyzing the term "improvement to real property" in the statute of repose, noted that the courts of the Commonwealth have construed the term broadly, thereby maximizing the coverage of the statute. *Id.*, 339 Pa.Super. at 485, 489 A.2d at 264. In the present case, if we were to accept Columbia's argument and exclude Appellees from coverage, we would contravene this principle of statutory construction.

In support of its interpretation, Columbia cites *McConnaughey v. Building Components, Inc.*, 536 Pa. 95, 637 A.2d 1331 (1994), as evidence of the Supreme Court's supposed intention

to interpret the statute strictly. Columbia's reliance on *McConnaughey* is misplaced. The issue in the case was whether the manufacturer of a product that was incorporated by others into an improvement to real property was entitled to the protection of the statute of repose. A plurality of the Supreme Court concluded that the manufacturer was not entitled to such protection. In *Noll, supra,* a majority of the Supreme Court adopted the holding of the plurality in *McConnaughey,* but also ruled, on the unique facts of the case before it, that where the manufacturer of a product supplied individual expertise to the design of an alleged improvement, the manufacturer was within the class protected by the statute. This result is, if anything, an expansion rather than a restriction of the statute's coverage.

The Superior Court's decision in *Leach, supra,* provides additional support for our decision not to interpret the statute of repose in the manner proposed by Columbia. The Superior Court considered whether 12 P.S. § 65.1 *et seq.,* the predecessor statute of repose, protected the former owner of a building, who, during his period of ownership, had contracted for the installation of a ceiling, from an action brought by a person who was injured when the ceiling collapsed several decades later. The defendant had been granted summary judgment in the trial court on the basis of the statute of repose.

On appeal, the plaintiff argued that the defendant was a "mere landowner" and therefore not entitled to the protection of the statute. The Superior Court held that the relevant test was whether the defendant had performed any of the activities listed in the statute. The statute was not limited to persons performing professional or licensed services, the court observed, and "a court cannot supply such an omission to statutory language." *Id.,* 234 Pa.Super. at 490, 340 A.2d at 493. Finding the record devoid of any evidence on that point, the court concluded that there remained an issue of material fact that rendered summary judgment inappropriate.

Similarly, we decline to insert into the present statute the distinction proposed by Columbia. Columbia maintains that it

would be unfair not to do so because Columbia "had no right to supervise or control" the manner in which the work on the sewer lines was conducted. It will often be the case, however, that a plaintiff will have had no involvement whatsoever with the improvement to real property, the alleged negligence in the design or installation of which has led to his or her injury. Nevertheless, if the plaintiff's action falls within the parameters of the statute of repose, the action will be barred. Columbia's situation is no different in this regard.

Having carefully considered Columbia's arguments concerning the application of the statute of repose, we conclude that they do not entitle Columbia to relief. The trial court properly granted judgment on the pleadings to Appellees on the basis of the statute.

 Columbia also contends that the statute of repose violates Article III, § 32 and Article I, § 11 of the Pennsylvania Constitution. In considering this claim, we presume that the legislature did not intend to violate the Constitution when it enacted the statute. *Krenzelak v. Krenzelak*, 503 Pa. 373, 469 A.2d 987 (1983). A statute enjoys a strong presumption in favor of constitutionality, and it will not be invalidated unless it clearly, palpably, and plainly violates the Constitution. *Parker v. Children's Hospital of Philadelphia*, 483 Pa. 106, 394 A.2d 932 (1978). We are required to resolve all doubts in favor of a finding of constitutionality. *Id.*

 Columbia contends, first, that the statute of repose violates Article III, § 32 of the Pennsylvania Constitution, which prohibits the General Assembly from passing any "local or special law in any case which has been or can be provided for by general law. . . ." In *Freezer Storage, Inc. v. Armstrong Cork Co.*, 476 Pa. 270, 382 A.2d 715 (1978), the Supreme Court considered a claim that the predecessor statute of repose was an unconstitutional special law because it created an irrational distinction between engineers, architects, builders, and contractors, on whose behalf it imposed a limitation on liability, and others involved in the improvement of real estate, such as landowners, who were not entitled to the same

limitation. The Supreme Court observed that it was "manifestly rational to adjust time periods for liability for acts performed according to the substantive scope of the liability involved." *Id.,* 476 Pa. at 276, 382 A.2d at 718. The court noted that the scope of liability of the protected class differed significantly from that of the class of landowners. For example, landowners can ordinarily avoid liability by taking care of the land and regulating entry thereon, whereas builders cannot. Because the classification inherent in the statute of repose was based on real distinctions between the subjects classified, the Supreme Court held, the statute did not violate section 32. *Id.,* 476 Pa. at 278, 382 A.2d at 720.

Columbia acknowledges the Supreme Court's decision in *Freezer,* but proposes an alternative basis for a finding of unconstitutionality: the statute of repose creates an artificial and irrelevant distinction between persons who file an action against parties covered by the statute within 12 years of the completion of improvements to realty and those who cannot or do not file such an action until more than 12 years have passed. In our view, this is but a variation on the issue decided in *Freezer.* If the liability of a certain class of defendants is extinguished after 12 years, there is necessarily created a corresponding class of plaintiffs who are unable to maintain an action against those defendants after 12 years. Columbia has changed the focus of the issue from defendants to plaintiffs, but the change does not warrant a different result.

Columbia also contends that the statute violates Article I, § 11, which provides that "[a]ll courts shall be open; and every man for an injury done him ... shall have remedy by due course of law. ..." In *Freezer, supra,* the Supreme Court considered this claim in relation to the statute of repose and rejected it, concluding that section 11 does not prohibit the legislature from abolishing a common law right of action without enacting a substitute means of redress. *Id.,* 476 Pa. at 279, 382 A.2d at 720.

Columbia acknowledges the Supreme Court's decision but urges us to interpret the statute of repose not as a statute that abolishes a right of action but as one that "merely allows [a right of] action for a certain period of time." Why the latter interpretation would warrant a finding of unconstitutionality when the former interpretation did not, is not clear. More importantly, we are not at liberty to adopt an interpretation of the statute that is different from that of the Supreme Court. Nor are we permitted to adopt, as Columbia urges us to do, the reasoning of the Supreme Court of Ohio, which in *Brennaman v. R.M.I. Company*, 70 Ohio St.3d 460, 639 N.E.2d 425 (1994), held that the Ohio statute of repose violated the right to a remedy guaranteed by the state Constitution. Rather, we conclude that this claim of unconstitutionality, like the first, is without merit.

The appeals at Nos. 876 and 877 Harrisburg 1994 are quashed. In the appeal at No. 875 Harrisburg 1994, the order entering judgment on the pleadings is affirmed.