**LeFevre v. American Telephone & Telegraph**

C.P. of Lehigh County, no. 94-C-517.

*Gerald M. Barr,* for plaintiff.
*Maureen M. Rayborn,* for defendant.

DIEFENDERFER, *P.J.,* April 3, 1996—The matter before the court is defendant's, American Telephone and Telegraph, motion for summary judgment.

The following are the undisputed facts in this matter. Plaintiff, Jeanne LeFevre, is employed by defendant, AT&T, at the Allentown Works as an occupational nurse manager. On June 15, 1992, plaintiff's supervisor, Jeffrey W. Thompson M.D., director of health services,

was placed on administrative leave. On that date, Dr. Thompson's supervisor, Dr. Larry Hipp, corporate medical director, met with plaintiff and her co-workers and informed them that plaintiff would assume Dr. Thompson's administrative duties in his absence. There-after, from June 15, 1992 through February 28, 1993, plaintiff continued her duties as the occupational nurse manager as well as assuming the duties of medical director. During this period of time, plaintiff received her normal salary and, at her annual review in March of 1993, plaintiff received a salary increase, a performance award and a merit award. Subsequently, plaintiff filed a complaint seeking to recover the full salary and awards of medical director for the eight and one-half months that plaintiff assumed the administrative duties of the medical director.

Plaintiff claims in her amended complaint and in her affidavit in support of her answer to defendant's motion for summary judgment that several factors led her to believe that she would be compensated for assuming the duties of medical director, including: Dr. Hipp informed plaintiff that he would "take care of everything else" after he informed her that she would take over for the medical director; plaintiff had never performed a job above her normal duties where she was not compensated; plaintiff was never required to request additional compensation, it was automatically reflected in her salary; defendant's philosophy was to reward employees for doing a good job; plaintiff was aware that AT&T was giving temporary promotions to other employees in similar circumstances; Dr. Larry Hipp did not inform plaintiff that she would not receive additional compensation; no one else was selected to

assume the duties of medical director; plaintiff was not concerned that she did not have a medical degree since the medical director at the New Jersey location was not licensed to practice medicine in New Jersey; and plaintiff was taking over on a long-term, rather than a short-term, basis. In support of its motion for summary judgment, however, defendant contends that plaintiff has not established the elements necessary to assert a claim for equitable estoppel.

Summary judgment is granted properly when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Pa.R.C.P. 1035(b). Summary judgment is appropriate only in those cases which are clear and free from doubt. *McConnaughey v. Building Components Inc.*, 536 Pa. 95, 637 A.2d 1331 (1994). The record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Id.* at 98, 637 A.2d at 1333. Furthermore, "[t]he . . . court must accept as true all well-pleaded facts in the non-moving party's pleadings, [as well as,] give . . . him or her the benefit of all reasonable inferences . . . drawn therefrom." *O'Neill v. Checker Motors Corp.*, 389 Pa. Super. 430, 434, 567 A.2d 680, 682 (1989). Finally, "the burden is on the moving party to prove the non-existence of any genuine issue of [material] fact." *Lyman v. Boonin*, 535 Pa. 397, 404, 635 A.2d 1029, 1032 (1993).

Equitable estoppel "arises when one by his acts, representations, or admissions, or by his silence when he

ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the other is permitted to deny the existence of such facts." *Zitelli v. Dermatology Education and Research Foundation,* 534 Pa. 360, 370, 633 A.2d 134, 139 (1993) (quoting *In re Estate of Tallarico,* 425 Pa. 280, 288, 228 A.2d 736, 741 (1967)). There are two essential elements to estoppel: inducement and reliance. *Id.* at 370, 633 A.2d at 139. When estoppel is established, the "person inducing the belief in the existence of a certain state of facts is estopped to deny that the state of facts does in truth exist, aver a different or contrary state of facts as existing at the same time, or deny or repudiate his acts, conduct or statements." *Id.* at 370, 633 A.2d at 139 (quoting *Tallarico, supra* at 288, 228 A.2d at 741).

First, defendant contends that plaintiff's allegation that she relied on Dr. Hipp's statement that he would "take care of everything else" does not support plaintiff's claim for estoppel. Plaintiff, in her deposition, admits that she actually understood Dr. Hipp's statement to mean that the staff would do as instructed in Allentown in the absence of the medical director and Dr. Hipp would take care of everything else. Therefore, Dr. Hipp's statement would not be sufficient inducement to support a claim of estoppel and defendant's motion will be granted with respect to plaintiff's assertion that she relied on Dr. Hipp's statement that he would "take care of everything else."

Defendant further asserts that plaintiff admitted in her deposition that Dr. Hipp never mentioned com-

pensation at the meeting in which he announced that plaintiff would assume the duties of medical director. However, plaintiff is alleging that she relied on conduct of the defendant rather than an express promise to provide additional compensation for performing the duties of medical director in addition to her normal duties. Therefore, defendant is not entitled to summary judgment simply because defendant never expressly promised to compensate plaintiff.

Next, defendant argues that plaintiff cannot assert that AT&T represented through its personnel guide that she would receive a temporary promotion for assuming the duties of the medical director since the only reference to temporary promotion in the personnel guide is a definition which provides, "Temporary promotion is the interim reassignment of an employee to an evaluated job in a higher band/grade—generally for four weeks to 12 months." Otherwise, defendant contends that there is nothing in the guide that mandated that plaintiff be given a temporary promotion. A review of plaintiff's complaint and affidavit reveal that plaintiff does not assert that she relied solely on the personnel guide. Rather, plaintiff, in her complaint, alleged that she believed it was the practice of AT&T to provide temporary promotions to individuals who assumed the duties of their supervisors. Plaintiff then cited the definition of "temporary promotion" in her affidavit and stated that she believed she would receive a temporary promotion since she was taking over on a long-term, rather than a short-term, basis. Thus, we believe that the definition of "temporary promotion" provided in the personnel guide is simply used by plaintiff to substantiate her claim that AT&T does, in fact, provide temporary pro-

motions and that plaintiff's situation fit circumstances under which a temporary promotion may be given.

Defendant further asserts that plaintiff would not have been eligible for a temporary promotion since, in granting temporary promotions, supervisors must honor the rule that the employee must be capable of performing all of the functions of the higher salary grade position and since plaintiff did not have a medical degree she could not perform all of the functions of the position. Defendant relies on the AT&T management salary guidelines which provide, "Management employees temporarily assigned to an evaluated job in a higher salary grade are expected to perform all of the higher salary grade responsibilities." First, this section merely provides that the employee is *expected* to, not that they *must,* perform all of the responsibilities of the higher salary grade position. Moreover, plaintiff states in her affidavit that she is aware that the present medical director for New Jersey, Dr. Warren Siegenfuss, is not licensed to practice medicine in New Jersey. Plaintiff further asserts that she was only asked to assume the administrative responsibilities of the medical director. Additionally, to assert a claim for estoppel, all plaintiff must prove is that defendant's conduct induced her to believe that she would receive compensation for assuming the duties of the medical director, not that she was actually eligible for a temporary promotion. Therefore, the fact that she may not have actually been eligible for a temporary promotion does not entitle defendant to summary judgment.

Defendant also asserts that, while plaintiff relies on an alleged policy of AT&T to give automatic temporary promotions, extra compensation or bonuses to employ-

ees who assume the duties of their supervisors, no such practices exist. However, simply denying plaintiff's allegations, which this court must accept as true for the purposes of a motion for summary judgment, does not establish the absence of a genuine issue of material fact.

Defendant also attempts to distinguish cases in which defendant granted other employees temporary promotions from plaintiff's case. However, the fact that those instances are distinguishable demonstrates that there is a genuine issue as to whether plaintiff justifiably relied on these situations. Furthermore, defendant relies on *Havas v. Temple University,* 357 Pa. Super. 355, 516 A.2d 17 (1986), in which the Superior Court held that plaintiff did not establish a claim for equitable estoppel since plaintiff acted in reliance on a mistaken assumption that he would obtain automatic approval for participation in an early retirement program provided he satisfied the age and years-of-service requirements of the program. *Id.* at 360, 516 A.2d at 20. However, in that case, the plaintiff relied *solely* on the fact that he satisfied the age and years-of-service requirements for participation in the plan, despite the fact that the plan explicitly provided that participation was dependent on approval by the dean, vice president and president of the university and whether participation would result in educational benefits and net savings to the university. In contrast, plaintiff in the present matter relied on several factors only one of which was the fact that other employees had received promotions for assuming the duties of their superiors and, therefore, *Havas* is distinguishable.

Defendant also argues that plaintiff would not have been justified in believing that she would receive ad-

ditional compensation for assuming the duties of medical director since her job description required her to assume these duties in the medical director's absence. However, there remains a genuine issue as to whether her reliance was justified since plaintiff believed that she was only expected to assume the duties of medical director during short absences and this was an extended absence. Plaintiff argues that assumption of all of the administrative duties of the medical director in addition to her own duties for such an extended period of time would have been very difficult and, therefore, she expected to be compensated. Plaintiff admitted that during other absences of the medical director, she was not compensated for assuming his duties; however, she states that these absences were for less than a month. Since the personnel guide only provides for temporary promotions for periods of four weeks or more, we do not find it to be dispositive that plaintiff never before received extra compensation for assuming the duties of the medical director.

Finally, defendant asserts that plaintiff was not justified in relying on the fact that she was always compensated for doing extra work on other occasions since in the past she was compensated for extra time rather than assuming additional duties. First, as stated previously, we do not believe that merely because these instances are distinguishable that they demonstrate an absence of a genuine issue of fact. It is merely one factor to consider in deciding whether plaintiff's reliance was justified.

Although we have considered each factor upon which plaintiff relied separately in order to address each one of defendant's arguments, we are inclined to agree with plaintiff that all of the factors must be considered to-

gether. In doing so we find that plaintiff has established facts which may support a claim for equitable estoppel; however, there remain genuine issues of fact as to whether plaintiff's reliance on the factors discussed above was justified.

## ORDER

Now, April 3, 1996, upon consideration of defendant's, American Telephone and Telegraph, motion for summary judgment, plaintiff's, Jeanne LeFevre, answer thereto, briefs of the parties and after argument, it is hereby ordered that defendant's motion is granted in part and denied in part consistent with the accompanying opinion.