## Jeglinski v. Big Wheel Roller Skating Center

C.P. of Monroe County, no. 441 Civil 1993.

*Emanuele J. DeStefano* and *Niru Goyal* for plaintiff.
*Michael R. Goffer,* for defendant Big Wheel.
*Louis Bell,* for additional defendant Varco-Pruden.

MILLER, *J.,* May 29, 1996—On January 4, 1992, plaintiff June Jeglinski was allegedly injured when she fell while roller skating. She filed a complaint alleging that her injuries were caused by the negligence of Big Wheel Roller Skating Center. Big Wheel subsequently joined as additional defendants Shoesmith General Contractors and Varco-Pruden. Shoesmith and Varco-Pruden filed answers to Big Wheel's complaint denying liability. Shoesmith raised the Pennsylvania Statute of Repose as a defense in its new matter and filed a motion for summary judgment which was granted by this court. Varco-Pruden filed a motion to amend its answer to raise the statute of repose, and we granted that uncontested motion. Varco-Pruden has filed its amended answer with new matter raising the statute of repose as a defense and also requests summary judgment. Briefs were filed by Varco-Pruden and defendant Big Wheel. Plaintiff did not file a brief. The parties agreed that this matter would be considered on briefs without oral argument.

Summary judgment is granted properly when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Pa.R.C.P. 1035(b). Summary judgment is appropriate only in those cases which are clear and free from doubt. *Musser v. Vilsmeier Auction Co. Inc.,* 522 Pa. 367, 562 A.2d 279 (1989). The record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against

the moving party. *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991).

The facts in the light most favorable to the non-moving party are as follows: In February of 1977, Varco-Pruden received from a general contractor named L. E. Shoesmith and Son Inc., a purchase order for a roller skating rink building to be constructed for a customer named Robert Christman with an address of Stroudsburg Sports Camp, Stroudsburg, Pennsylvania. The purchase order contained specifications for the building, which included a drawing of the proposed building, along with the dimensions of the building and location for doors. Upon receipt of the purchase order, the design department of Varco-Pruden reviewed the purchase order to determine the size, shape and strength of the metal material needed to meet the customer's specifications for the building. After the design department determined the strength of the material needed, the drafting department drew pictures of the individual parts and submitted them for fabrication. The drafting department then prepared installation drawings.

Based on the decisions of the design department and the drafting department, Varco-Pruden then fabricated the material to be used in the structure of the building. To fabricate the primary structure, the frame of the building, in accordance with the specifications, Varco-Pruden personnel performed a variety of tasks on the metal material of the building. These tasks included cutting, drilling, punching holes, welding and prime painting the material. To fabricate the secondary structure of the building, *i.e.,* support materials for the frame, in accordance with the specifications, Varco-Pruden personnel also performed a number of tasks. Again, based upon the decision of the design and drafting department, Varco-Pruden then fabricated the roof and wall sheeting.

Next, Varco-Pruden fabricated the sheeting or covering for the open roofs and walls in accordance with the specifications provided. The pre-engineered roller skating rink building, which weighed 63.5 tons, was then shipped by tractor-trailer to Stroudsburg, Pennsylvania. It was assembled on site by defendant Shoesmith. In an affidavit filed in support of their motion for summary judgment, Gene P. Herbst, the customer service manager for Varco-Pruden, verified that every part of the roller skating rink building was designed and fabricated in accordance with the purchase order received from Shoesmith on behalf of Robert Christman. All work was completed by Varco-Pruden in early April of 1977.

A party moving for protection under the statute of repose must show: (1) What is supplied is an improvement to real estate; (2) More than 12 years have elapsed between the completion of the improvements to the real estate and the injury; and (3) The activity of the moving party must be within the class which is protected by the statute. 42 Pa.C.S. §5536; *McCormick v. Columbus Conveyor Co.*, 522 Pa. 520, 564 A.2d 907 (1989). Defendant Big Wheel concedes the first two requirements of the statute. However, they argue that Varco-Pruden is not entitled to protection under the statute because they are not within the class which is protected by the statute. The statute of repose protects: "any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of an improvement to real property . . . ." 42 Pa.C.S. §5536.

In *McConnaughey v. Building Components Inc.*, 536 Pa. 95, 637 A.2d 1331 (1994), a plurality of our Supreme Court held that a manufacturer who does nothing more than supply a defective product which later is incor-

porated into an improvement to real property by others is not within the purview of the statute of repose. That case involved a manufacturer of metal plates incorporated into roof trusses who asserted the statute of repose as a defense when the plates allegedly cracked and caused the trusses to collapse. The court found that the proper focus in interpreting the statute was the activity performed, *i.e.,* whether the party claiming the protection was involved in the design, planning, supervision, construction or observation of construction of the improvement.

Three months later, in *Noll v. Paddock Pool Builders Inc.,* 416 Pa. Super. 284, 611 A.2d 219 (1992), *rev'd on other grounds, Noll by Noll v. Harrisburg Area YMCA,* 537 Pa. 274, 643 A.2d 81 (1994), a majority of the Supreme Court adopted the holding of the plurality in *McConnaughey,* but also ruled, based on the unique facts of the case, that where the manufacturer of a product supplied "individual expertise" to the design of an alleged improvement, the manufacturer was within the class protected by the statute. *Id.*

In *Noll,* additional defendant Sta-Rite Industries Inc. manufactured a starting block from which plaintiff dove into a swimming pool at defendant Harrisburg Area YMCA. Noll hit bottom in 3 1/2 feet of water and suffered quadriplegic injuries. Justice Montemuro held that since the record of the case demonstrated that the dimensions of this pool included "unusual" deck to water dimensions, Sta-Rite was required to expend "individual expertise" when it examined the pool contractor's order and specifications, even though after examination Sta-Rite determined that its standard product was appropriate with modifications.

Most recently, our Superior Court affirmed the trial court's granting defendant's judgment on the pleadings

based on the statute of repose in *Columbia Gas of Pennsylvania Inc. v. Carl E. Baker Inc.,* 446 Pa. Super. 481, 667 A.2d 404 (1995). There, a township contracted in 1971 with defendant Favino for the installation of sewers. Favino subcontracted the installation of the lateral sewers to defendant Baker. Defendant Davidson was retained to design, engineer and allegedly supervise the job. According to plaintiff Columbia Gas, excavation equipment operated by a Baker employee struck and damaged gas mains owned by Columbia. Nineteen years later, a natural gas explosion occurred. In reviewing both *McConnaughey* and *Noll,* the three-judge panel held that the result in *Noll* was, if anything, an expansion of the statute's coverage.

We find in analyzing the above three cases that Varco-Pruden is within the class of persons contemplated in the statute. We further find that Varco-Pruden expended "individual expertise" when it evaluated the unique dimensions of the roller skating rink and fashioned its product.

Therefore, we enter the following order.

## ORDER

And now, May 29, 1996, the motion for summary judgment by additional defendant Varco-Pruden is granted.