**Jeffrey L. CHRIST and Barbara Christ, H/W,**

v.

**PRATER INDUSTRIES, INC.,and Prater Industrial Products, Inc.**

Civ. A. No. 98–3339.

United States District Court, E.D. Pennsylvania.

Sept. 13, 1999.

Kent D. Mikus, David B. Diffenbach, Mikus Law Offices, Lancaster, PA, for plaintiffs.

Israel N. Eisenberg, Michael T. Farrell, Post & Schell, Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This personal injury action has been brought before the Court on Defendants' Motion for Summary Judgment on all of the plaintiffs' claims against them. For the reasons which follow, the motion shall be denied.

### Factual Background

This case arose on October 6, 1997 when Plaintiff, Jeffrey Christ's right hand was tragically amputated as the result of one of his co-workers mistakenly turning on a grass seed mixer at the Lebanon Seaboard Corporation while plaintiff was trying to clean it out. Plaintiff instituted this lawsuit on June 26, 1998 against the manufacturer and seller of the grass seed mixer under theories of strict liability and negligence alleging that the seed mixer which injured him was defectively and dangerously designed and sold without adequate warnings and instructions as to its condition and usage.

■ Defendants now move for the entry of judgment in their favor as a matter of law on the grounds that Plaintiffs have no cause of action against them under 42 Pa. C.S. § 5536, Pennsylvania's twelve-year statute of repose for construction projects.[1]

---

**1.** Statutes of repose differ from statutes of limitations in that statutes of repose potentially bar a plaintiff's suit before the cause of action arises, whereas statutes of limitation limit the time in which a plaintiff may bring suit after the cause of action accrues. *Vargo v. Koppers Company, Inc.,* 552 Pa. 371, 715 A.2d 423, 425 (1998), citing *McConnaughey v. Building Components, Inc.,* 536 Pa. 95, 97, n. 1, 637 A.2d 1331, 1332 n. 1 (1994), Because it eliminates a plaintiff's cause of action 12 years after completion of construction of an improvement to real property regardless of when the plaintiff's injury occurs, both Pennsylvania state and federal courts have held that 42 Pa.C.S. § 5536 is a statute of repose. *Id.*

### Standards Applicable to Summary Judgment Motions

The standards to be applied in disposing of summary judgment motions are clearly delineated in Fed.R.Civ.P. 56(c):

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

Under this rule, the court's responsibility is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the non-moving party. *Id.* at 256, 106 S.Ct. 2505. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.*, 909 F.2d 1524, 1531 (3rd Cir.1990)(*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

### Discussion

■ As noted, Defendants here are moving for judgment in their favor on the basis of 42 Pa.C.S. § 5536 which provides, in relevant part:

(a) General Rule.—Except as provided in subsection (b), a civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement to recover damages for:

(1) Any deficiency in the design, planning, supervision or observation of construction or construction of the improvement.

(2) Injury to property, real or personal, arising out of any such deficiency.

(3) Injury to the person or for wrongful death arising out of any such deficiency.

(4) Contribution or indemnity for damages sustained on account of any injury mentioned in paragraph (2) or (3).

Specifically, Defendants contend that since the grass seed mixer which injured Plaintiff was installed in 1975 as an improvement to the real property at Lebanon Seaboard, the above-cited statute of repose bars this lawsuit. By now, it is clear that a party moving for protection under the statute of repose must show: (1) that what was supplied was an improvement to real estate; (2) that more than 12 years have elapsed between the completion of the improvements to the real estate and the injury; (3) that the activity of the moving party must be within the class which is protected by the statute. *McConnaughey v. Building Components, Inc.*, 536 Pa. 95, 99, 637 A.2d 1331, 1333 (1994); *Fleck v. KDI Sylvan Pools, Inc.*, 981 F.2d 107, 114 (3rd Cir.1992).

■ Here, there is no dispute but that the seed mixer in question was manufactured, delivered and installed more than 12 years ago. Accordingly, we first direct our attention to the meaning of the term "improvement" within the confines of the statute of repose. In *McCormick v. Columbus Conveyer Co.*, 522 Pa. 520, 564 A.2d 907 (1989), the Pennsylvania Supreme Court adopted the Black's Law Dictionary definition of "improvement" as

"a valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than

mere repairs or replacement, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes." 522 Pa. at 524, 564 A.2d at 909. The Court believed that this definition comported with the plain and common usage of the term "improvement" in accordance with the goal of the Pennsylvania courts of giving the term an ordinary meaning. *Beaver v. Dansk Industri Syndicat A/S*, 838 F.Supp. 206, 210 (E.D.Pa.1993). Whether a particular piece of equipment is an improvement to real estate is a question of law. *Lejeune v. Bliss–Salem, Inc.*, 1995 WL 491253 at *5 (E.D.Pa.1995). *See Also: Bioni v. Canon–McMillan School District*, 521 Pa. 299, 555 A.2d 901 (1989).

■ What constitutes an improvement to real estate is a determination which must be made on a case-by-case basis. *In re Barto Technical Services, Inc.*, 181 B.R. 246, 249 (Bankr.W.D.Pa. 1995). An improvement may be anything that permanently enhances the value of real property and commonly includes erection of a building, replacing old buildings with new ones, substantial repairs to a building which are necessary to preserve it, substantial additions to or changes in existing buildings, construction of sidewalks, erection of fences and the preparation of land for building sites. *Noll v. Harrisburg Area YMCA*, 537 Pa. 274, 286, 643 A.2d 81, 87 (1994).

■ Fixtures come within the characterization of improvements. *Nish v. FMC Corporation*, 1993 WL 74839 (E.D.Pa. 1993); *Catanzaro v. Wasco Products, Inc.*, 339 Pa.Super. 481, 485, 489 A.2d 262, (1985). The general test used in determining when an article of personalty is a fixture has three components: (1) the relative permanence of attachment to realty; (2) the extent to which the chattel is necessary or essential to the use of the realty; and (3) the intention of the parties to make a permanent addition to the realty. *Noll*, 537 Pa. at 286–287, 643 A.2d at 87. Other considerations in making a determination

whether an object is a fixture and hence may be considered to be an improvement include: the ease of removing the object; whether the object may be removed without damaging the real property; how long the object has been attached to the real property; whether the object is necessary or essential to the real property; and the conduct of the party and whether it evinces an intent to permanently attach the object to the realty. *Vargo*, 715 A.2d at 426, citing *Noll*, 537 Pa. at 288, 643 A.2d at 88.

■ Applying these principles to the case at hand, we find that the mixer at issue is in the nature of personalty and therefore does not constitute an improvement within the meaning of the statute. Indeed, according to the deposition testimony of the Prater corporate designee Otto Krolopp and the plaintiff Jeffrey Christ, the seed mixer model which caused Plaintiff's injuries was 13–15 feet tall, weighed approximately ¾ of a ton and sets on braces, which are bolted into the plant foundation with six very large½ inch bolts. There is a pit beneath the mixer that goes below floor level for cleaning it out at the bottom. Despite its weight (400–500 pounds of which is made up by the drive motor), the mixer was fully assembled at the Prater Industries plant in Illinois. In 1975, it was shipped to the plant in Denver, PA where the plaintiff was employed, although the drive motor and pulley assemblies were removed for shipping and subsequently reinstalled.

Additionally, according to the letter and affidavit of Howard Rife, Tam Systems, Inc. was retained by Lebanon Seaboard Corporation to move a Prater Industrial mixer which was similar to, but larger than the one on which Mr. Christ was injured, from one location in its facility to another. Both mixers are attached with lag bolts to the concrete floor of the facility and are moved by simply undoing the bolts and lifting the mixer from its present position. Apparently, the mixers can be moved with-

out damage to the building and they are not part of the building structure, although retrofitting requires about 1½ days of down time for the mixer and approximately 25–40 man hours.

While it does not appear that the accident mixer itself has ever been moved, there is no other evidence before us as to Lebanon Seaboard's objective intention to so incorporate the mixer into its physical plant as to render it an actual part of the facility. Likewise, there is no evidence that the mixer is an integral and necessary part of the real estate such that its presence significantly enhances the value of the realty or that its absence would significantly damage the property's value. However, in light of our belief that the evidence referenced above demonstrates that the mixer *can* be moved with a modicum of difficulty, we conclude that it remains an object of personalty and thus falls outside the purview of Section 5536.

For these reasons, Defendants' motion for summary judgment is denied[2] pursuant to the attached order.

### *ORDER*

AND NOW, this ____ day of September, 1999, upon consideration of the Defendants' Motion for Summary Judgment and the Plaintiffs' Response thereto, it is hereby ORDERED that the Motion is DENIED for the reasons set forth in the preceding Memorandum Opinion.

---

**2.** Given our finding that the mixer does not constitute an improvement within the meaning of Section 5536, we need not address the question of whether or not the defendants fall within the class protected by the statute.