## Barbish v. Greyhound Lines Inc.

C.P. of Butler County, no. 98-10988.

*John J. Morgan,* for plaintiff.
*Paul C. Troy* and *Bruno Muscatello,* for defendant.

DOERR, *J.,* December 29, 1999—Before the court is defendant's motion for summary judgment.

## FACTUAL BACKGROUND

On June 4, 1997, while alighting from a Greyhound Lines intercity bus, Amy Barbish fell onto the paved surface of the ground below. Ms. Barbish sustained physical injury to her right wrist and hand. Ms. Barbish avers that a hurrying fellow passenger pushed her and caused her to fall. At the time of the incident, the bus driver was not on board. Ms. Barbish brought suit in negligence against Greyhound Lines.

## LEGAL STANDARD

Summary judgment is granted properly when the moving party is entitled to judgment as a matter of law. *McConnaughey v. Building Components Inc.,* 536 Pa. 95, 637 A.2d 1331 (1994). When deciding a motion for summary judgment, a court must view the record in the light most favorable to the non-moving party and it must resolve all doubt concerning the existence of a genuine

material fact against the moving party. *Redland Soccer Club v. Department of Army,* 548 Pa. 178, 696 A.2d 137 (1997).

Because an order favorable to the moving party will end prematurely an action, summary judgment should be entered only in the clearest of cases. *Boyer v. Walker,* 714 A.2d 458 (Pa. Super. 1998).

## LEGAL ANALYSIS

Greyhound Lines argues that it owed no duty to protect Ms. Barbish from injury by another passenger unless it knew of that passenger's propensity for harmful behavior. Ms. Barbish counters that Greyhound Lines owed her a duty of care not only to transport her safely but to provide her with a safe means to exit the bus.

Any action in negligence is premised upon the existence of a duty owed by one party to another. *Knoud v. Galante,* 696 A.2d 854 (Pa. Super. 1997). It is well established in Pennsylvania that a common carrier is obligated to use the highest degree of care that is consistent with its mode of transportation to provide for the safety of its passengers. *Id.*

A common carrier's duty to exercise the highest degree of care is not limited to the journey. *Harris v. DeFelice,* 379 Pa. 469, 109 A.2d 174 (1954). The duty extends to providing passengers with reasonable and safe means of ingress and egress and to avoid any possible danger while doing so. *Coyne v. Pittsburgh Railways Co.,* 393 Pa. 326, 141 A.2d 830 (1958).

The court finds that Greyhound Lines owed to Ms. Barbish a duty of care at the moment of the incident. Greyhound Lines had the duty to provide Ms. Barbish with a reasonably safe means of egress from its bus and

472

to avoid any possible danger. *Harris,* at 473, 109 A.2d at 176; *Coyne,* at 330, 141 A.2d at 832. Ms. Barbish was injured while alighting from the bus; not after she had left the bus. Contrast *Knoud,* at 859. While Greyhound Lines was not bound to anticipate unusual and unexpected perils to Ms. Barbish, the court finds it had a duty to protect Ms. Barbish from reasonably anticipated perils such as shoving, pushing and unruly exiting by fellow passengers. *Branch v. Philadelphia Transportation Co.,* 374 Pa. 60, 96 A.2d 860 (1953). In addition, the court finds that the absence of Greyhound Line's employee, the bus driver, does not negate its duty of care to Ms. Barbish.

Viewing the record in the light most favorable to the non-moving party, the court concludes that Ms. Barbish has shown the existence of a duty on the part of Greyhound Lines to her. Summary judgment is inappropriate. *Askew by Askew v. Zeller,* 361 Pa. Super. 35, 521 A.2d 459 (1997). Accordingly, defendant's motion for summary judgment is denied.