William Whyte and Donald Decker, Appellants *v.* City of Scranton; Eugene F. Hickey, Mayor; James McDonnell, Director of Public Safety; Joseph Corcoran, City Controller, Appellees.

Argued October 8, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Thomas M. Holmes*, with him *James W. McNulty*, for appellants.

*James A. Doherty*, with him *John J. Brazil*, City Solicitor, for appellees.

OPINION BY JUDGE MENCER, December 16, 1980:

William Whyte and Donald Decker (appellants) have appealed from the October 19, 1979 order of the Court of Common Pleas of Lackawanna County which dismissed their exceptions to an earlier order of that court denying relief in equity. We affirm.

The facts in this case are not in dispute. The appellants were employed as "reserve patrolmen" by the City of Scranton (City) for several years.[1] This is an entry-level civil service position in the City's Bureau of Police. A reserve patrolman may be promoted to the position of "regular patrolman" only if he passes a competitive examination and his name appears among the top three candidates on the list, based on test scores, prior performance level, and other factors. The examination is given periodically and the list of persons eligible for promotion is updated after each examination. Those candidates who are promoted serve for a probationary period of three months before the promotion becomes final.

The appellants have each taken the competitive examination for promotion several times and have received passing grades on all but one occasion. There is no evidence, however, that their names were ever among the top three on the list for promotion.

On September 3, 1971, the appellant Decker was assigned the duties of a regular patrolman, with his salary to be paid by the Federal Highway Safety Program. The appellant Whyte was given a similar assignment on August 3, 1973. Both appellants continued to serve in this capacity until September 30, 1974. On October 1, 1974, both appellants were transferred to the regular city payroll as regular patrolmen and, on January 1, 1975, their employment was terminated. In February 1976, the appellants were rehired by the City as security guards and, in March 1976, they were each appointed to the position of "police cadet" under Title VI of the Comprehensive Employment and Training Act, *as amended* (CETA VI), 29 U.S.C. §801 et seq., a federal program to provide employment.

---

[1] Donald Decker was hired on August 26, 1969. William Whyte was hired on October 13, 1970.

The appellants claim that they received a de facto promotion pursuant to Section 4 of the Act of June 3, 1943, P.L. 826 (Act), 53 P.S. §30454 (relating to the civil service status of employees of cities of the second class A), by virtue of having passed the civil service examination for promotion and then having served as regular patrolmen from October 1, 1974 through January 1, 1975. They filed an action in equity to recover certain fringe benefits which they claimed were due them as a result of the de facto promotion, but the court below concluded that the appellants had not met the requirements of Section 4 and denied relief. Exceptions were filed and dismissed, and this appeal followed.

Section 4 of the Act provides as follows:

> On and after the date of passage hereof, municipal employes of the cities of the second class A listed in the competitive and noncompetitive classes on the *roster* of the civil service commission and *having served their probationary period* shall be considered as having the status of civil service employes. (Emphasis added.)

The statute does not define "roster" nor does it elaborate on what is meant by the phrase "having served their probationary period."

We are satisfied that the language of Section 4 which refers to "the roster of the civil service commission" requires something more than inclusion on the city payroll. Normally, the payroll would be kept by a financial officer such as the treasurer or comptroller rather than the civil service commission. This conclusion is also reinforced by *Bonnert v. Hanlon,* 48 Lack. Jur. 177 (1947), which denied civil service status to persons carried on the payroll as members of the noncompetitive class when the city civil service commission did not maintain any separate official roster.

Rule XX of the Municipal Civil Service Commission of Scranton, Pennsylvania (Commission) provides for the keeping of "an official roster, in the form of books, card-catalogues, or otherwise . . . of the classified service of the city." The appellants introduced no evidence to show that their names appeared on such a roster, and the court below made no findings of fact to that effect. Since evidence that the appellants were on the city payroll was insufficient to satisfy the "roster" requirement of Section 4, the appellants did not carry their burden of showing that they were entitled to the protection provided by the Act. *Cf. Leach v. Philadelphia Saving Fund Society*, 234 Pa. Superior Ct. 486, 340 A.2d 491 (1975) (one who claims the protection of a statute must show that he is within the class of persons protected by it).

We also find no merit in the contention that the appellants had served a probationary period. Section 4 of the Act clearly permits the city to impose a reasonable probationary period on newly promoted employees. Employees may be evaluated during that period and, if their services are unsatisfactory, their employment may be terminated.[2] The termination of employment may take place at any time during the period, including the last day. We interpret the phrase "having served their probationary period" to mean that, if the employment continues beyond the last day of the period, then the promotion will be deemed permanent.

The appellants contend that their employment, from October 1, 1974 through January 1, 1975, satisfied the probation requirements for permanent promotion. Rule XI, Section 2 of the Commission sets

---

[2] Although the City may be required to comply with certain procedural requirements before probationary employment may be terminated, there has been no assertion in this case that any such requirements were violated.

the duration of a probationary period at three months. If the appellants began serving a probationary period on October 1, 1974, then the last day of the period would have been January 1, 1975.[3] They could have attained a de facto promotion under Section 4 of the Act only if they continued to be employed on January 2, 1975. Instead, the City properly terminated them on the last day of the probationary period. Any subsequent reemployment by the City is irrelevant to the present case.

The appellants have failed to meet at least two of the requirements of Section 4 of the Act. Therefore, the legal conclusion of the court below that the appellants had failed to prove a de facto promotion was proper, regardless of whether the court erred in its consideration of certain other evidence.

Order affirmed.

ORDER

AND Now, this 16th day of December, 1980, the order of the Court of Common Pleas of Lackawanna County, dated October 19, 1979, dismissing the exceptions of William Whyte and Donald Decker to the order of July 13, 1979, is hereby affirmed.

---

[3] We have applied Section 1910 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1910, to calculate the probationary period as it relates to Section 4 of the Act.