**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1566
_____

TAMARA E. HILL, Individually and as Administratrix
of the Estate of Michael S. Hill,
                                                            Appellant

v.

WESTON SOLUTIONS, INC.; D.L. GEORGE AND SONS CONSTRUCTION
COMPANY; D.L. GEORGE AND SONS MANUFACTURING, INC; D.L. GEORGE
AND SONS TRANSPORTATION, INC.; UNITED STATES OF AMERICA;
WESTINGHOUSE ELECTRIC CORPORATION
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 1-17-cv-00508)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted under Third Circuit LAR 34.1(a)
on March 23, 2023

Before:  RESTREPO, PHIPPS and ROTH, Circuit Judges

(Opinion filed: August 7, 2023)
_____

OPINION[*]
_____

ROTH, Circuit Judge

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Michael Hill, while working in his professional capacity as an electrician, was killed when he came in contact with a 7,000-pound transformer manufactured by Westinghouse. The District Court granted summary judgment in favor of Westinghouse on the ground that Pennsylvania's statute of repose barred Hill's claim. Tamara Hill, as administratrix of Michael Hill's estate, appealed. Because the statute of repose applies, we will affirm.

**I.**

Hill was assigned to help install a new transformer next to an existing one. The existing transformer was energized, meaning that it had electricity running through it. To properly place the new transformer, Hill stood between the new transformer and the "Existing Energized Transformer."[1] While doing so, his body came into contact with the exterior panel of the existing-energized transformer, causing an arc flash.[2] Hill sustained serious injuries and died two weeks later.

Tamara Hill brought this suit on of behalf her late husband and as administratrix of his Estate. First, she alleged that Westinghouse was negligent in its handling of the "Existing Energized Transformer."[3] Second, she brought a strict products liability claim against Westinghouse.

---

[1] JA 113.

[2] "[A]n arc flash is a phenomenon where a flashover of electric current leaves its intended path and travels through the air from one conductor to another, or to ground. The results are often violent and when a human is in close proximity to the arc flash, serious injury and even death can occur." Workplace Safety Awareness Council, *Understanding "Arc Flash,"* Occupational Safety and Health Administration, 1 (2018), www.osha.gov/sites/default/files/2018-12/fy07_sh-16615-07_arc_flash_handout.pdf.

[3] JA 122–25.

After discovery, Westinghouse moved for summary judgment on the ground that Pennsylvania's statute of repose barred her claim. The District Court granted the motion. Hill appeals and contends that the statute of repose does not apply.

## II.[4]

Pennsylvania has a statute of repose for construction projects.[5] This statute states, in pertinent part, that

> a civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement to recover damages for:
> (1) Any deficiency in the design, planning, supervision or observation of construction or construction of the improvement.
> ***
> (3) Injury to the person or for wrongful death arising out of such deficiency.[6]

The Pennsylvania Supreme Court has "found that the proper focus in interpreting the statute was the activity performed."[7]

In order for the statute of repose to apply, the moving party must demonstrate: "(1) what is supplied is an improvement to real property; (2) more than twelve years have elapsed between the completion of the improvements to the real estate and the injury; and

---

[4] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1346, 2671. The court exercised supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. The District Court had subject matter jurisdiction over Westinghouse pursuant to 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291.
[5] The parties do not dispute that 42 Pa.C.S.A. § 5536 is the relevant statute.
[6] 42 Pa.C.S.A. § 5536.
[7] *Noll by Noll v. Harrisburg Area YMCA*, 643 A.2d 81, 85 (Pa. 1994).

(3) the activity of the moving party must be within the class which is protected by the statute."[8]

The District Court determined that each element was met. The parties dispute only the first and third elements. Because this is a legal question, we review de novo, applying the same standard as the District Court.[9] If we find a dispute as to any material fact related to the first or third element, we must reverse.[10] We address each element in turn.

*A.*

We must first determine whether the existing transformer was an improvement to real property. Black's Law Dictionary defines improvement as "[a]n addition to property, . . . whether permanent or not; esp[ecially], one that increases its value or utility or that enhances its appearance."[11] "An improvement includes everything that permanently enhances the value of real property."[12] This definition "comports with the ordinary and common usage of the word."[13]

The Pennsylvania Supreme Court in *Noll* found that "a court must make an objective determination of whether an object is a fixture for the purposes of § 5536."[14] The court provided guidance, listing several considerations for determining whether an object may

---

[8] *Id.* at 84.
[9] *Ellis v. Westinghouse Elec. Co., LLC*, 11 F.4th 221, 229 (3d Cir. 2021).
[10] *Linan-Faye Const. Co. v. Hous. Auth. of City of Camden*, 49 F.3d 915, 926 (3d Cir. 1995).
[11] *Improvement*, Black's Law Dictionary (11th ed. 2019). This is also known as a land improvement.
[12] *Noll*, 643 A.2d at 87.
[13] *McCormick v. Columbus Conveyer Co.*, 564 A.2d 907, 909 (Pa. 1989).
[14] *Noll*, 643 A.2d at 88.

4

be considered an improvement or affixed to real property. Three relevant factors are "the degree to which and manner in which the object is attached to real property"; the "ease of removing the object"; and "how long the object has been attached to the real property."[15]

We fully agree with the District Court's analysis under *Noll*. It found that "[t]he transformer was attached to Site R through electrical conduits and bolts to adjacent electrical equipment in the line-up for more than three decades."[16] It also found that, "[w]hile the transformer was not, by design, bolted or otherwise connected to the floor or walls of Site R, it weighed more than 7,000 pounds and stood over seven feet tall."[17] Finally, it held that the transformer played a "central role" for more than 30 years "in providing continuous power supply to Site R and critical assets of the United States government." Moreover, the Army specifically contracted for the transformer to develop an "uninterrupted power supply."[18] Based on these findings, there is no doubt that the transformer "increases . . . [the] utility" [19] of the land upon which it sits. As such, the transformer constitutes an improvement within the definition of Pennsylvania's statute of repose.

## B.

Turning now to the third element, we must determine whether Westinghouse is within the class protected by the statute. "The Pennsylvania statute of repose was not

---

[15] *Id.*
[16] JA 25.
[17] JA 25–26.
[18] JA 26.
[19] *Supra* note 11.

5

intended to apply to manufacturers and suppliers of products, but only to the kinds of economic actors who perform acts of 'individual expertise' akin to those commonly thought to be performed by builders."[20]  "The Pennsylvania statute [of repose] identifies its class not by the status or occupation of its members but rather by the contribution or acts done in relation to the improvement to the real property."[21]   If a person "'lawfully perform[ed] or furnish[ed] the design, planning, supervision or observation of construction, or construction' of improvements to real property,"[22] then they are "immun[e] from liability."[23]

Westinghouse helped design the transformer, and even provided expertise for its construction.  For example, the "width of the unit [was] shortened from 60 to 57 inches."[24] Additionally, "[t]h[e] transformer was designed to be used with another transformer."[25] Finally, the two transformers were designed to provide an "uninterruptable power supply" at Site R.[26]

Based on these facts, we find that the Westinghouse falls within the class protected by Pennsylvania's statute of repose.  The transformer it constructed was essentially

---

[20] *McConnaughey v. Bldg. Components, Inc.*, 637 A.2d 1331, 1334 (Pa. 1994).
[21] *McCormick*, 564 A.2d at 910 (quoting *Leach v. Phila. Sav. Fund Soc'y*, 340 A.2d 491, 493 (Pa. Super. 1975)).
[22] *Leach*, 340 A.2d at 493 (quoting 42 Pa.C.S.A. § 5536); *see Fleck v. KDI Sylvan Pools, Inc.*, 981 F.2d 107, 115 (3d Cir. 1992).
[23] *Fleck*, 981 F.2d at 115 (quoting *McCormick*, 564 A.2d at 910).  The statute goes even further to immunize any such person.  "The word 'any' is generally used in the sense of 'all' or 'every' and its meaning is most comprehensive."  *McCormick*, 564 A.2d at 910 (quoting *Leach*, 340 A.2d at 493).
[24] JA 232.
[25] JA 232.
[26] JA 233

customized for the Army. And as the Pennsylvania Supreme Court has held, "expend[ing] 'individual expertise' and [being] involved with the design of the alleged improvement" puts one well within the class protected by the statute of repose.[27]

Therefore, we find the third element of Pennsylvania's statute of repose to be satisfied.

## III.

Because each of the three elements of the Pennsylvania statute of repose are satisfied, the Pennsylvania statute of repose applies as a matter of law and the claims are barred. We will affirm the judgment of the District Court.

---

[27] *Noll*, 643 A.2d at 86.